RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
ELECTRONIC CITATION: 2001 FED App. 0031P (6th Cir.)
File Name: 01a0031p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

No. 99-5242

MICHAEL BANDY,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Cookeville.
No. 97-00010—Robert L. Echols, Chief District Judge.

Argued: September 22, 2000

Decided and Filed: January 30, 2001

Before: BOGGS and SUHRHEINRICH, Circuit Judges;
ALDRICH, District Judge.[*]

———————————

## COUNSEL

**ARGUED:** Irwin B. Venick, DOBBINS & VENICK, Nashville, Tennessee, for Appellant. Byron M. Jones, ASSISTANT UNITED STATES ATTORNEY, Nashville,

———————————

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

Tennessee, for Appellee.  **ON BRIEF:**  Irwin B. Venick, DOBBINS & VENICK, Nashville, Tennessee, for Appellant. Byron M. Jones, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

---

## OPINION

---

SUHRHEINRICH, Circuit Judge.  Defendant appeals the judgment of conviction for armed bank robbery, use of a firearm during commission of a felony, and aiding and abetting.  We **AFFIRM** his convictions.  However, we **REVERSE** his sentence for use of a firearm during a felony and **REMAND** for resentencing in light of *Castillo v. United States,* 530 U.S. 120, 120 S. Ct. 2090, 147 L. Ed. 2d 94 (2000).

## I.  BACKGROUND

On November 28, 1997, around 2:00 p.m., Defendant Michael Bandy and Roger Jones entered the Hermitage Springs branch of Citizens Bank in Red Boiling  Springs, Macon County, Tennessee, and robbed it.  Jones carried a short-barreled shotgun.  Defendant appeared to have a black semi-automatic handgun, which later proved to be a pellet gun.  Defendant ordered the branch manager to load a black bag with money taken from the vault and from the tellers' drawers.  Defendant and Jones took about $96,809.00.

Defendant and Jones fled in a white, four-door, Pontiac Grand Am with license number CFA-141 and a "donut" spare installed, which was driven by Harvey Webb.  A description of the car was publicly broadcast.  Later, during the day of the robbery, Officer Hal Parrish of the Allen County Police Department in Kentucky learned that the getaway car was abandoned in a field.  Officer Parrish searched the car and found a pawn ticket issued to Michael Bandy, the Defendant. Officer Parrish then learned that three men had appeared at a house in the area claiming that they had car trouble and that

Specifically, we observe that the short-barreled shotgun may not be used to impose a mandatory ten-year sentence under 18 U.S.C. § 924(c)(1)(B)(i), but may be considered for any other authorized purpose under the Sentencing Guidelines.

they wanted to call someone to pick them up in nearby Holland, Kentucky. A resident at that house drove the three men to the post office in Holland and left them there.

Officer Parrish drove to Holland, Kentucky, and saw a truck driving away from the post office with four people in it. He followed and then stopped the truck. The driver, who was Defendant's father, got out. Officer Parrish ordered the other passengers to get out and took their names. Defendant identified himself as Michael Bandy, the same name that was on the pawn ticket in the abandoned car.

Officer Parrish called for assistance. After additional officers arrived, all four men were placed in custody for questioning. The officers searched the truck and found $92,532.00 in a duffel bag including $2,000.00 with recorded serial numbers from the robbery. The officers also found $2,240.00 on Defendant. Further, Officer Parrish found a loaded short-barreled shotgun with one round in the chamber that was wrapped in a leather jacket inside of a tool box in the truck. The shotgun's barrel length was about thirteen and one-half inches. One witness to the bank robbery, who had repaired guns for twenty-five years, testified that he recognized the shotgun because of its unique characteristics as the one that Jones carried as he fled the bank. The shotgun was working properly when tested later by an agent of the Bureau of Alcohol, Tobacco, and Firearms.

Following their arrests, Defendant, Jones, and Webb admitted participating in the bank robbery. Defendant also admitted that he and Jones planned the robbery; that he, Jones, and Webb executed the robbery; that he used a pellet gun; that Jones carried a shotgun; and that Webb stayed in the getaway car. Defendant also admitted that he ordered the manager to gather the money and that he had stolen the getaway car and license plate about a month before the robbery. Webb and Jones testified that Defendant had approached them about robbing the bank, had provided the weapons, and had insisted that they follow through with the robbery when they showed some reluctance.

Defendant was charged with armed bank robbery, in violation of 18 U.S.C. § 2113, using and carrying a firearm in the commission of a bank robbery, in violation of 18 U.S.C. § 924(c), and aiding and abetting, in violation of 18 U.S.C. § 2. Defendant was convicted of all offenses. In sentencing Defendant, the district court determined that Defendant was a leader and organizer. The district court also determined that the shotgun was a short-barreled shotgun under 18 U.S.C. § 921(a)(6) and sentenced him under 18 U.S.C. § 924(C)(1)(B)(i), which imposes a ten-year statuory minimum. Defendant raises four issues.

## II. DISCUSSION

### A.

Defendant claims that there was insufficient evidence to convict him of using and carrying a firearm because the Government did not show that the weapon was operable on the day of the bank robbery or any proof regarding the gun's intended design or convertibility.

This Court will grant relief on a sufficiency of the evidence claim only if it finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 324 (1979); *see also United States v. Taylor,* 13 F.3d 986, 991 (6th Cir. 1994).

Under 18 U.S.C. § 924(c), anyone who uses or carries a firearm, during and in relation to any crime of violence, is guilty of an offense against the United States. *See* 18 U.S.C. § 924(c). "Firearm" means any weapon "which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. §921(a)(3). "Crime of violence" means a felony with an essential element of "the use, attempted use, or threatened use of physical force against the person or property of another," or an offense that involves a substantial risk that such physical force may be used in committing the offense. *See* 18 U.S.C. § 924(c)(3). Armed bank robbery is such a crime of violence. *See United States*

The *Castillo* defendants argued that the type of weapon used to commit the crime was a separate element of a different crime that should be proven beyond a reasonable doubt and was not merely a sentencing factor and proven by merely a preponderance of the evidence. The Court examined the statute and distinguished between traditional sentencing factors, such as the offense's characteristics and the offender's criminal history, and non-traditional factors, such as firearm enhancements. The Court reasoned that the "difference between the act of using or carrying a 'firearm' and the act of using or carrying a 'machine gun' is both substantive and substantial--a conclusion that supports a 'separate crime' interpretation." *Id.* at 2094. Because the particular type of weapon that increases the maximum sentence, it is an element of the crime and must be proven beyond a reasonable doubt before the trier of fact, and not by merely a preponderance of the evidence before a judge at sentencing. *See id.*; *see also United States v. Rebmann,* 226 F.3d 521 (6th Cir. 2000).

Here, the district court found that the firearm was a short-barreled shotgun and imposed a mandatory ten-year minimum. However, the district court treated the use of the short-barreled shotgun as a sentencing factor rather than an element of the offense and established the use of the short-barreled shotgun by a preponderance of the evidence rather than beyond a reasonable doubt. This is contrary to the holding and analysis of *Castillo.* Therefore, we reverse the sentence of the district court and remand to the district court for resentencing consistent with this opinion.

### III.  CONCLUSION

We therefore **AFFIRM** Defendant's convictions for armed bank robbery, in violation of 18 U.S.C. § 2113, using and carrying a firearm in the commission of a bank robbery, in violation of 18 U.S.C. § 924(c), and aiding and abetting, in violation of 18 U.S.C. § 2. However, we **REVERSE** Defendant's sentence for using and carrying a firearm in the commission of a bank robbery and **REMAND** to the district court for sentencing consistent with this opinion.

### D.

Defendant finally claims that the district court erred when it imposed a mandatory minimum ten-year sentence under 18 U.S.C. § 924(C)(1)(B)(i) based on its factual finding by a preponderance of the evidence that a short-barreled shotgun was used in the bank robbery. Recently, the Supreme Court analyzed the distinction between a sentencing factor and an element of a crime. The Court reasoned that:

> [U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt.

*Jones v. United States,* 526 U.S. 227, 249 (1999); *see also Apprendi v. New Jersey,* 530 U.S. ___, ___,120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435, 455 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

In *Castillo,* the Supreme Court interpreted 18 U.S.C. § 924(c)(1), the statute involved in this case. *See Castillo,* 120 S. Ct. at ___. Under 18 U.S.C. § 924(c), if a defendant uses or carries a firearm, the punishment is increased by five years. Further, if a specified type of firearm is used the sentence increases. For example, if a short-barreled shotgun is used, a mandatory minimum ten-year sentence is imposed; if a machine gun is used, a mandatory minimum thirty-year sentence is imposed. *Compare* 18 U.S.C. § 924(c)(1)(B)(i) with 18 U.S.C. § 924(c)(1)(B)(ii). In *Castillo,* the defendants were convicted of using a firearm in committing a crime of violence in violation of 18 U.S.C. § 924(c). The district court instructed the jury that it would determine whether the defendants used a machine gun and then impose an appropriate sentence for the type of weapon used. The district court subsequently found that the defendants used a machine gun and imposed a mandatory thirty-year sentence.

*v. Johnson,* 962 F.2d 1308, 1312 (8th Cir. 1992). Further, a defendant is liable as an aider and abettor for use of a firearm in relation to a crime of violence when his accomplice uses a firearm in relation to jointly undertake criminal activity. *See* 18 U.S.C. § 2; *Rattigan v. United States,* 151 F.3d 551, 557-58 (6th Cir. 1998) (defendant may be convicted of aiding and abetting a § 924(c) violation even if the defendant never had actual possession of a firearm during the course of committing the crime).

Contrary to Defendant's contention, a firearm need not be operable to satisfy the definition of firearm for purposes of 18 U.S.C. § 924(c). *See United States v. Taylor,* 54 F.3d 967, 975-76 (1st Cir. 1995); *see also United States v. Kirvan,* 997 F.2d 963, 966 (1st Cir. 1993) (the gun must be real, but it "need not be proven to be loaded or operable"); *United States v. Hunter,* 101 F.3d 82, 85 (9th Cir. 1996) (same); *United States v. Coburn,* 876 F.2d 372, 375 (5th Cir. 1989) (unloaded weapon sufficient); *United States v. York,* 830 F.2d 885, 891 (8th Cir. 1987) (nonfunctional weapon sufficient); *United States v. Gonzalez,* 800 F.2d 895, 899 (9th Cir. 1986) (no requirement gun be loaded or operable); *United States v. Rouco,* 765 F.2d 983, 996 (11th Cir. 1985) (proof of operability not required). Accordingly, Defendant's argument fails.

Moreover, even if the operability of the weapon was required, the evidence, when viewed in the light most favorable to the Government, supports a finding that Jones, Defendant's accomplice, carried a short-barreled shotgun into the bank when they robbed it in violation of § 924(c). The gun was found loaded with five rounds with one round in the chamber. The trial testimony indicated that it was later test fired, and it fired properly. Thus, there was sufficient evidence that any jury could have found beyond a reasonable doubt that Defendant possessed a gun for purposes of § 924(c).

**B.**

Defendant also claims that the district court erred in sentencing him by relying on its factual finding by a preponderance of the evidence that the weapon used in the robbery was a short-barreled shotgun.  This Court reviews a sentencing court's factual findings under a "clearly erroneous" standard.  *See United States v. Bingham,* 81 F.3d 617, 625 (6th Cir. 1996).  A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gort-DiDonato,* 109 F.3d 318, 320 (6th Cir. 1997).

The firearm was a short-barreled shotgun.  A short-barreled shotgun is a "shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification or otherwise) if such a weapon as modified has an overall length of less that twenty-six inches."  18 U.S.C. § 921(a)(6).  A witness identified the shotgun as the weapon used in the robbery because of its unique markings.  Jones and Webb identified the weapon as a shotgun.  A special agent of the F.B.I. also test fired the weapon and testified that it was a shotgun.  Even Defendant admitted that it was a shotgun.  The length of the barrel on a shotgun is determined by measuring the distance between the muzzle and the face of the bolt, breech, or breech block when closed and when the shotgun or rifle is cocked. *Cf.* 27 C.F.R. §179.11 (defining "firearm" for purposes of the National Firearm Act).  Even though the overall length of the shotgun was about twenty-eight inches, the length of the barrel was about thirteen and one-half inches.  A barrel length of less than 18 inches brings the shotgun within the proscription of the statute, regardless of the total length of the weapon.  See *United States v. Hall*, 972 F.2d 67, 69-70 (4th Cir. 1992).  Thus, the finding of the district court was not clearly erroneous.  However, as discussed in section D below, the district court's finding was legally insufficient for sentencing under 18 U.S.C. § 924(c)(1)(B)(i) because the jury

did not find this beyond a reasonable doubt during the liability phase of the trial.

**C.**

Defendant claims that it was clearly erroneous for the district court to find that he was a leader or organizer of the robbery.  Findings of fact in the sentencing phase of a criminal proceeding are made based upon a preponderance of the evidence. *Carroll,* 893 F.2d at 1506 (6th Cir. 1990).  This Court reviews a sentencing court's factual findings under a "clearly erroneous" standard. *See Bingham,* 81 F.3d at 625.  A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Gort-DiDonato,* 109 F.3d at 320.

Section 3B1.1(c) of the Sentencing Guidelines provides that if a defendant was an organizer, leader, manager, or supervisor in any criminal activity that involves fewer than five participants, then the offense level should be increased by two levels.  *See* United States Sentencing Commission, *Guidelines Manual,* § 3B1.1(c) (Nov. 1998).

Here, the evidence at trial and sentencing established that Defendant was a leader and organizer in the bank robbery.  Defendant obtained the weapons used in the robbery and stole the getaway car.  Defendant was aware of Jones's financial problems and offered Jones the option of participating in the robbery.  He also proposed the bank robbery to both Jones and Webb.  Defendant insisted that Jones and Webb follow through when they were hesitant to do so.  Defendant thought of sending Jones in first because of his large size.  Defendant directed the bank manager to fill the bag with money from the vault and the tellers' drawers.  The district court's finding that Defendant was an organizer was not clearly erroneous.  Therefore, the district court properly increased Defendant's offense level by two levels.