UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael BANDY, Defendant–Appellant.

No. 01–6024.

United States Court of Appeals,
Sixth Circuit.

Jan. 9, 2003.

Before GUY and BOGGS, Circuit Judges; and EDMUNDS, District Judge.*

PER CURIAM.

This case requires us to review for a second time Defendant–Appellant Michael Bandy's sentence for armed bank robbery, use of a firearm during commission of a felony, and aiding and abetting. This court previously affirmed Bandy's convictions "for armed robbery, in violation of 18

U.S.C. § 2113, using and carrying a firearm in the commission of a bank robbery, in violation of 18 U.S.C. § 924(c), and aiding and abetting, in violation of 18 U.S.C. § 2", but vacated his sentence for using and carrying a firearm in the commission of a bank robbery, in violation of 18 U.S.C. § 924(c), and remanded for resentencing. *United States v. Bandy,* 239 F.3d 802, 807–08 (6th Cir.2001) *("Bandy I").* We instructed the district court that, at resentencing, "the short-barreled shotgun may not be used to impose a mandatory ten-year sentence under 18 U.S.C. § 924(c)(1)(B)(i), but may be considered for any other authorized purpose under the Sentencing Guidelines." *Id.* at 808.

Bandy was resentenced in June 2001 and now appeals raising three arguments: (1) the district court exceeded the scope of remand issued by this Court in *Bandy I;* (2) the district court imposed a sentence that violated the *Ex Post Facto* Clause of Art. I, Section 9, of the United States Constitution; and (3) the district court incorrectly applied United States Sentencing Guideline ("U.S.S.G.") § 2K2.4. For the reasons set forth below, we AFFIRM the district court's judgment.

## I. Factual and Procedural Background

A detailed discussion of the facts leading to Bandy's conviction and sentencing for armed robbery, using and carrying a firearm in the commission of a bank robbery, and aiding and abetting can be found in *Bandy I.* We discuss here the procedural history relevant to Bandy's current appeal.

In July of 1998, Bandy was tried by a jury and convicted on both counts of a two-count indictment charging him with armed robbery, in violation of 18 U.S.C. § 2113, and aiding and abetting, in violation of 18

---

* The Honorable Nancy G. Edmunds. United States District Judge for the Eastern District of Michigan, sitting by designation.

U.S.C. § 2 (Count One), and using and carrying a firearm in the commission of a bank robbery, in violation of 18 U.S.C. § 924(c), and aiding and abetting, in violation of 18 U.S.C. § 2 (Count Two). The type of firearm used in the bank robbery, a short-barreled shotgun, was not specified in the indictment.

Bandy was sentenced in February of 1999. The district court sentenced him to consecutive terms of 78 months of imprisonment on Count One and 120 months of imprisonment on Count Two, for a combined sentence of 198 months. As to the sentence for the § 924(c) conviction, the district court "determined that the shotgun was a short-barreled shotgun under 18 U.S.C. § 921(a)(6) and sentenced [Bandy] under 18 U.S.C. § 924(c)(1)(B)(i), which imposes a ten-year statutory minimum." *Bandy I*, 239 F.3d at 805. Bandy appealed, raising challenges to his conviction and sentence on Count Two.

As to his conviction, Bandy argued that there was insufficient evidence to convict him of using and carrying a firearm in violation of 18 U.S.C. § 924(c) because it had not been established that the short-barreled shotgun used in the bank robbery was operable. This court rejected that argument and held that Bandy "possessed a gun for purposes of § 924(c)." *Id.* at 806.

As to his sentence for violating § 924(c), Bandy argued, *inter alia*, that the district court erred when it sentenced him because it relied on its factual finding, made under a preponderance of the evidence standard, that the firearm used in the robbery was a short-barreled shotgun. *See id.* This court reversed Bandy's mandatory minimum ten-year sentence imposed under 18 U.S.C. § 924(c)(1)(B)(i). We concluded that "the district court's finding was legally insufficient for sentencing under 18 U.S.C. § 924(c)(1)(B)(i) because the jury did not find [the fact that the firearm used

in the robbery was a short-barreled shotgun] beyond a reasonable doubt during the liability phase of the trial." *Id.* We observed that "[b]ecause the particular type of weapon ... increases the maximum sentence, it is an element of the crime and must be proven beyond a reasonable doubt before the trier of fact, and not by merely a preponderance of the evidence before a judge at sentencing." *Id.* at 807. We remanded the matter back to the district court for resentencing with instructions that "the short-barreled shotgun may not be used to impose a mandatory ten-year sentence under 18 U.S.C. § 924(c)(1)(B)(i), but may be considered for any other authorized purpose under the Sentencing Guidelines." *Id.* at 808.

On remand, the district court granted in part the government's motion for an upward departure, pursuant to U.S.S.G. § 2K2.4, Application Note 2, and in June of 2001, sentenced Bandy to 102 months of imprisonment on Count One (§ 2113 offense) and to the mandatory 60 months of imprisonment on Count Two (§ 924(c) offense), for a combined sentence of 162 months. To arrive at Bandy's 162 months of imprisonment, the district court reevaluated Bandy's sentence under both Counts One and Two of the indictment.

Bandy filed a timely appeal raising three arguments: (1) the district court exceeded the scope of remand issued by this Court in *Bandy I;* (2) the district court imposed a sentence that violates the *Ex Post Facto* Clause of Art. I, Section 9, of the United States Constitution; and (3) the district court incorrectly applied U.S.S.G. § 2K2.4.

## II. Analysis

### A. Scope of Remand in *Bandy I*

■ Bandy argues that the district court exceeded the scope of our remand in *Bandy I* and thus violated the mandate rule when it reevaluated his sentence in its

entirety, granted a one-level upward departure pursuant to U.S.S.G. § 2K2.4, and increased the sentence originally imposed in connection with his bank robbery conviction. Bandy contends that the *Bandy I* remand order was limited in scope, constrained the district court's resentencing authority, and allowed it only to reduce the mandatory consecutive sentence for his § 924(c) firearm offense from ten years to five years. The government, on the other hand, argues that the remand was general in nature because it expressly provided that, although "the short-barreled shotgun may not be used to impose a mandatory ten-year sentence under 18 U.S.C. § 924(c)(1)(B)(i)," it "may be considered for any other authorized purpose under the Sentencing Guidelines." *Bandy I*, 239 F.3d at 808.

In *Bandy I*, our remand order read as follows:

> [W]e REVERSE Defendant's sentence for using and carrying a firearm in the commission of a bank robbery and REMAND to the district court for sentencing consistent with this opinion. Specifically, we observe that the short-barreled shotgun may not be used to impose a mandatory ten-year sentence under 18 U.S.C. § 924(c)(1)(B)(i), but may be considered for any other authorized purpose under the Sentencing Guidelines.

*Id.* This court must determine whether this is a limited or general remand. This issue presents a legal question and our review is *de novo*. *United States v. Moore*, 131 F.3d 595, 598 (6th Cir.1997).

The mandate rule provides that "a district court is bound to the scope of the remand issued by the court of appeals." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir.1999). To determine whether the scope of a remand has been exceeded, we must first determine whether the remand is general or limited in nature. "Limited remands explicitly outline the is-

sues to be addressed by the district court and create a narrow framework within which the district court must operate.... General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand." *Id.*

It is well-established in this Circuit that "[i]n the absence of an explicit limitation, the remand order is presumptively a general one." *Moore*, 131 F.3d at 598. A limited remand "must sufficiently outline the procedure the district court is to follow." *Campbell*, 168 F.3d at 268. Appellate courts are to "leave no doubt in the district judge's or parties' minds as to the scope of the remand. The language used to limit the remand should be, in effect, unmistakeable." *Id.* The policy favoring a presumption of *de novo* resentencing "is to give the district judge discretion to consider and balance all of the competing elements of the sentencing calculus." *Id.* at 266.

Applying the above principles here, we conclude that *Bandy I* was a general remand accompanied by a specific instruction not to impose a mandatory ten-year sentence under 18 U.S.C. § 924(c). If the remand order in *Bandy I* was intended to limit the district court's sentencing authority as Bandy contends, it would have made that limitation evident and would not have included language inviting the district court to consider the short-barreled shotgun "for any other authorized purpose under the Sentencing Guidelines." *See Bandy I*, 239 F.3d at 808. We hold that the district court did not exceed the scope of the *Bandy I* remand order when it reevaluated Bandy's entire sentence, and further hold that the sentence imposed by the district court on resentencing is consistent with our decision in *Bandy I*.

Bandy's reliance on *United States v. Moore* is misplaced. In contrast to the

remand order here, the remand order at issue in *Moore* was narrowly drawn and limited the district court's review to consideration of the defendant's conviction under 18 U.S.C. § 924(c) and specifically to the issue whether the defendant "used or carried a firearm during and in relation to his drug trafficking offense." *Moore*, 131 F.3d at 597.

### B. *Ex Post Facto Clause*

■ Bandy's second argument, that the district court violated the *Ex Post Facto* Clause of Art. 1, Section 9 of the United States Constitution when it resentenced him in June of 2001, is without merit. We review Bandy's constitutional challenge *de novo*. *United States v. Jackson*, 181 F.3d 740, 743 (6th Cir.1999).

The district court, on remand, imposed a 102–month sentence for Bandy's Count One violations (18 U.S.C. § 2113(d) and 18 U.S.C. § 2) and a 60–month sentence for Bandy's Count Two violations (18 U.S.C. § 924(c) and 18 U.S.C. § 2). The sentence imposed does not violate the *Ex Post Facto* Clause because it " 'does not punish as a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a crime, after its commission: nor deprive one charged with crime of any defense available according to law at the time when the act was committed.'" *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1074 (6th Cir.1997) (quoting *Collins v. Youngblood*, 497 U.S. 37, 52, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990)).

Bandy's argument challenges the sentence the district court imposed on remand for his 18 U.S.C. § 924(c) conviction. As Bandy concedes, on November 28, 1997, the date the offense for which he was ultimately convicted took place, the punishment for a violation of 18 U.S.C. § 924(c) was a mandatory consecutive sentence of five years. At his resentencing, the district court imposed a mandatory consecutive sentence of five years (60 months). There is no support for Bandy's argument that the district court relied on a 1998 amendment to 18 U.S.C. § 924(c) when resentencing him in June of 2001.

Moreover, Bandy cannot argue that the district court violated the *Ex Post Facto* Clause when it construed and applied the exception contained in U.S.S.G. § 2K2.4, Application Note 2, at his resentencing because that exception existed both at the time of his February 1999 sentencing and his June 2002 resentencing. *See* United States Sentencing Commission, *Guidelines Manual*, § 2K2.4, comment. (n.2) (Nov. 1998); United States Sentencing Commission, *Guidelines Manual*, § 2K2.4, comment. (n.2) (Nov.2000). *See also United States v. Clark*, 110 F.3d 15, 18 (6th Cir. 1997) (observing that "[t]he courts should apply the guidelines that are in effect at the time of sentencing or resentencing, if doing so would not violate the *Ex Post Facto* Clause of the Constitution.").

### C. Interpretation of U.S.S.G. § 2K2.4, Application Note 2

■ Finally, Bandy argues that the district court misinterpreted U.S.S.G. § 2K2.4 and thus erred when it applied the specific offense characteristics of U.S.S.G. § 2B3.1(b)(2)(C),[1] and made an upward departure when reevaluating the sentence imposed for his bank robbery conviction under 18 U.S.C. § 2113. This court's review of a district court's interpretation of the Sentencing Guidelines presents a ques-

---

1. U.S.S.G. § 2B3.1(b)(2)(C) provides that for robberies, the base offense level is 20, but when the specific offense characteristic of brandishing or possessing a firearm is ap-

plied, the base offense level is increased by 5 levels. *See* United States Sentencing Commission, *Guidelines Manual*, § 2B3.1(b)(2)(C) (Nov.2000).

tion of law and is thus subject to *de novo* review. *United States v. Smith,* 196 F.3d 676, 679 (6th Cir.1999).

Bandy contends that the district court misinterpreted U.S.S.G. § 2K2.4, Application Note 2, because it expressly prohibits application of any specific offense characteristics, such as those provided in U.S.S.G. § 2B3.1(b)(2)(C), when imposing a sentence for an underlying robbery offense as well as a sentence for a conviction under 18 U.S.C. § 924(c). *See* United States Sentencing Commission, *Guidelines Manual,* § 2K2.4, comment. (n.2) (Nov. 2000). The reason for this prohibition, Bandy asserts, is set forth in the Background commentary. "To avoid double counting, when a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for explosive or firearm discharge, use, brandishing, or possession is not applied in respect to such underlying offense." United States Sentencing Commission, *Guidelines Manual,* § 2K2.4, comment. (backg'd) (Nov.2000).

We conclude that the district court properly interpreted and applied U.S.S.G. § 2K2.4. Bandy's argument observes the general rule set forth in § 2K2.4, Application Note 2. However, it ignores the exception to the general rule that is also expressly set forth in Application Note 2:

> In a few cases, the offense level for the underlying offense determined under the preceding paragraphs may result in a guideline range that, when combined with the mandatory consecutive sentence under 18 U.S.C. § ... 924(c) ... produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § ... 924(c) ... (*i.e.,* the guideline range that would have resulted if the enhancements for possession, use, or discharge of a firearm had been applied). In such a case, an upward departure may be warranted so that the conviction under 18 U.S.C. § ... 924(c) ... does not result in a decrease of the total punishment. An upward departure under this paragraph shall not exceed the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § ... 924(c)....

United States Sentencing Commission. *Guidelines Manual,* § 2K2.4, comment. (n.2) (Nov.2000). This exception recognizes that, in some circumstances, application of the general rule set forth in U.S.S.G. § 2K2.4 may result in a *decrease* in a defendant's total punishment. To avoid that unintended result, this paragraph of Application Note 2 provides that an upward departure may be warranted and sets out the steps the district court must follow to determine whether the exception applies.

The district court must first calculate the guidelines range for an underlying offense, such as Bandy's bank robbery offense, with and without enhancements for possession, use, or discharge of a firearm. Next, the district court must compare: (a) the guideline range for the underlying offense *without* the enhancing factors combined with the mandatory consecutive sentence under 18 U.S.C. § 924(c); and (b) the guideline range for the underlying offense *with* the enhancing factors. If the total maximum penalty under calculation (a) is less than the calculation under (b), then Application Note 2 instructs an upward departure may be warranted so that the conviction under 18 U.S.C. § 924(c) does not result in a decrease in the total punishment. As a further caution, Application Note 2 instructs that in no event can an upward departure exceed the maximum of the guideline range calculated for the underlying offense considering the enhancing factors for possession, use, or discharge of a firearm.

The district court properly applied this exception when resentencing Bandy. The guideline range for Bandy's underlying robbery offense without the enhancing factors was 78–97 months.[2] When Bandy's mandatory five-year consecutive sentence for the 18 U.S.C. § 924(c) conviction was added, the guideline range became 138–157 months. The guideline range for the bank robbery with the enhancing factors was 135–168 months. Because the total maximum penalty which is derived under the general rule of U.S.S.G. § 2K2.4 (157 months) is less than the maximum of the guideline range that would have resulted without consideration of an 18 U.S.C. § 924(c) violation (168 months), the exception comes into play and an upward departure is allowed. Moreover, the sentence imposed by the district court (102 months) does not exceed the maximum of the guideline range calculated for the underlying offense considering the enhancing factors for possession, use, or discharge of a firearm (168 months).

Contrary to Bandy's arguments here, the district court's careful application of the exception to the general rule as provided in U.S.S.G. § 2K2.4, Application Note 2, does not constitute the impermissible double counting § 2K2.4 is designed to prevent. Bandy's reliance on *United States v. Smith*, 196 F.3d 676 (6th Cir.1999), and *United States v. Le*, 256 F.3d 1229 (11th Cir.2001), *cert. denied*, 534 U.S. 1145, 122 S.Ct. 1103, 151 L.Ed.2d 999 (2002), is misplaced. Those decisions are readily distinguishable because neither one addresses the issue presented here; i.e., whether the district court misinterpreted U.S.S.G. § 2K2.4, Application Note 2, when it construed and applied an exception to the general rule set forth in Application Note 2.

█ Bandy is also mistaken when he argues that the district court misapplied § 2K2.4 because Bandy's co-defendant possessed a firearm different from the one for which Bandy was convicted under 18 U.S.C. § 924(c). In *Bandy I*, this court affirmed Bandy's conviction for using and carrying a firearm in the commission of a bank robbery, in violation of 18 U.S.C. § 924(c), and aiding and abetting, in violation of 18 U.S.C. § 2, holding that "there was sufficient evidence that any jury could have found beyond a reasonable doubt that [Bandy] possessed a gun for purposes of § 924(c)." *Bandy I*, 239 F.3d at 805–06. The firearm at issue with regard to Bandy's § 924(c) conviction was the same short-barreled shotgun used by his co-defendant. As observed in *Bandy I*, "a defendant is liable as an aider and abettor for use of a firearm in relation to a crime of violence when his accomplice uses a firearm in relation to jointly undertaken criminal activity." *Id.* at 805.

### III. Conclusion

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

---

**2.** In calculating the sentencing range, the district court began with the prior calculations that were not in dispute. It determined that the bank robbery offense begins with an offense level of 20 under U.S.S.G § 2B3.1; two additional points are added under § 2B3.1(b)(1) because the robbery involved property of a financial institution; another two additional points are added under § 2B3.1(b)(7)(C) because the amount of the loss was greater than $50,000; and another two additional points are added under § 3B1.1(c) because Bandy was found to be a leader and organizer, thus resulting in an offense level of 26. The district court further observed that it was undisputed that Bandy was in Criminal History Category III and therefore the guideline range for sentencing on Count One was determined to be 78 to 97 months.