NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 10a0075n.06

No. 08-6388

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Feb 04, 2010

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| v. | ) | **STATES DISTRICT COURT FOR** |
| | ) | **THE WESTERN DISTRICT OF** |
| Roderick McNeal, | ) | **TENNESSEE** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  KENNEDY, MOORE, and SUTTON, Circuit Judges.

**CORNELIA G. KENNEDY, Circuit Judge.**  Defendant appeals his sentence of 290 years and 4 months of imprisonment, arguing that the district court misapplied 18 U.S.C. § 924(c) and that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments. Because his arguments are without merit, we AFFIRM.

## FACTUAL BACKGROUND

Between October 21, 2006, and November 15, 2006, a lone gunman later identified as the defendant committed 14 armed robberies of 11 fast food restaurants and 3 gas stations.  At each place, defendant entered the business, pulled out a handgun, and demanded that the employee turn over all money in the cash registers.  Defendant obtained just over $3,000 from 13 locations, and an undetermined amount from one additional place.  He was apprehended shortly after he left his last target, McDonald's, on November 15, and he provided a written confession to all of the robberies.

Based on this conduct, defendant was indicted on 29 counts: 14 counts of interfering with commerce by robbery, 18 U.S.C. § 1951, 14 counts of using a gun during a crime of violence, 18 U.S.C. § 924(c), and 1 count of being a felon in possession of a firearm, 18 U.S.C. § 922(g). He pleaded guilty to 25 counts encompassing 12 of the robberies.

The district court computed defendant's guidelines sentencing range. It determined that his base offense level was 20, USSG § 2B3.1, but increased it by 2 levels for obstruction of justice under USSG § 3C1.1 because defendant had urged his family members to pay off the victims. Under Section 3D1.4, 5 levels were added because there were more than 5 counts. Three levels were then subtracted because the court found that defendant had accepted responsibility, giving defendant a total offense level of 24.

Defendant's criminal history began at age 8, and resulted in a criminal history score of 15, which placed him in category VI. Without considering the mandatory minimum sentences, defendant's guideline range was 100-125 months of imprisonment. However, the district court found that defendant was subject to a mandatory minimum sentence of 282 years under 18 U.S.C. § 924(c), and sentenced him to a total of 290 years of incarceration. Defendant appeals.

## STANDARD OF REVIEW

"The district court's application of 18 U.S.C. § 924(c) is a question of law which we review de novo." *United States v. Langan*, 263 F.3d 613, 626-27 (6th Cir. 2001) (citations omitted). We also review de novo whether a sentence violates the Eighth Amendment. *United States v. Caver*, 470 F.3d 220, 247 (6th Cir. 2006).

## ANALYSIS

2

Section 924 of title 18 provides that a defendant who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm" shall be sentenced to a minimum term of incarceration of seven years "if the firearm is brandished." 18 U.S.C. § 924(c)(1)(A). Armed robbery is such a crime of violence. *See United States v. Bandy*, 239 F.3d 802, 805 (6th Cir. 2001). However, for each "second or subsequent conviction," the penalty increases to a minimum term of 25 years, to be served consecutively to any other term of imprisonment. 18 U.S.C. § 924(c)(1)(C)(i) & (D)(ii). The effect of this section is that every "second or subsequent conviction" for possession of a firearm during a crime of violence adds 25 years to a defendant's sentence.

It is well established that the 25-year mandatory minimum sentence accompanying each "second or subsequent" conviction applies even when the first conviction was obtained in the same proceeding. *Deal v. United States*, 508 U.S. 129, 132 (1993); *United States v. Jacobs*, 244 F.3d 503, 508 (6th Cir. 2001) ("The United States Supreme Court has held that even though a defendant is convicted of multiple firearm violations in the same proceeding, 18 U.S.C. § 924 imposes a five-year consecutive prison sentence for the first violation of § 924(c)(1) and an additional twenty-year consecutive prison sentence for each additional violation of § 924(c)(1)."); *see also Greenlaw v. United States*, 128 S. Ct. 2559, 2563 (2008); *cf. United States v. Nabors*, 901 F.2d 1351, 1358-59 (6th Cir. 1990). Defendant pleaded guilty to 12 violations of section 924 at the same hearing. Under *Deal*, the mere fact that all counts were brought before the district court at the same time does not alter the application of the subsequent conviction enhancement.

Defendant tries to avoid this conclusion by arguing that his convictions on multiple counts in this instance are not "second or subsequent conviction[s]" because the district court announced its finding of guilt simultaneously for all counts. He argues that the Supreme Court held that a

second or subsequent conviction must be "a *conviction* after the first conviction." *Deal*, 508 U.S. at 135 (emphasis in original). Noting that the use of the word "after" suggests separation in time, he contends that *Deal*'s holding cannot be applied when all counts are adjudicated at once. However, the *Deal* court also emphasized that "findings of guilt on several counts are necessarily arrived at successively in time." *Deal*, 508 U.S. at 133 n.1. The mere fact that a district court announces the adjudication of guilty at one time does not distinguish this case from *Deal*.

Defendant also argues that *Deal* has been limited by later cases to apply only to recidivists, citing *Castillo v. United States*, 530 U.S. 120, 125 (2000). In *Castillo*, the Supreme Court determined that references in section 924(c)(1) to possession of a "machinegun" created an element of a separate crime rather than a penalty enhancement. It is true, as defendant asserts, that the *Castillo* opinion noted that the "second or subsequent" penalty is aimed at recidivism. It is also true that recidivism typically means the commission of an offense after being punished for an earlier one. *See Deal*, 508 U.S. at 138 (Stevens, J., dissenting). However, *Castillo* employed the term recidivism only tangentially. In contrast, *Deal* squarely and clearly rejected the argument that section 924(c) applies only to recidivists as defined by the defendant. *See Deal*, 508 U.S. at 136 ("We choose to follow the language of the statute, which gives no indication that punishment of those who fail to learn the 'lesson' of prior conviction or of prior punishment is the sole purpose of § 924(c)(1), to the exclusion of other penal goals such as taking repeat offenders off the streets for especially long periods, or simply visiting society's retribution upon repeat offenders more severely.").

Finally, defendant raises a claim that his sentence of over 290 years is so grossly excessive that it constitutes cruel and unusual punishment under the Eighth Amendment. "The Supreme Court has never held that a sentence to a specific term of years, even if it might turn out to be more than

4

the reasonable life expectancy of the defendant, constitutes cruel and unusual punishment." *United States v. Beverly*, 369 F.3d 516, 537 (6th Cir. 2004). There is no Eighth Amendment violation for imposing what is effectively a life sentence on a defendant who committed multiple robberies, and we have repeatedly affirmed such sentences. *E.g.*, *United States v. Watkins*, 509 F.3d 277, 283 (6th Cir. 2007) (holding 147 year sentence was Constitutionally permissible for defendant who committed six armed robberies); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000) (holding there was no Eighth Amendment violation for a sentence of over 186 years given to a defendant committed nine robberies in six months).

## CONCLUSION

Accordingly, we AFFIRM the defendant's sentence.