

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2006

# USA v. Simpson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2421

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Simpson" (2006). *2006 Decisions.* Paper 1033.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1033

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2421
_____

UNITED STATES OF AMERICA

v.

DONALD E. SIMPSON,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 04-cr-00188-1)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
March 28, 2006

Before: RENDELL, SMITH and BECKER*, Circuit Judges.

(Filed: May 30, 2006)
_____

OPINION OF THE COURT
_____

*The Hon. Edward R. Becker approved this opinion but died before it was released.

RENDELL, Circuit Judge.

Appellant Donald E. Simpson appeals from the jury's verdict and the sentence imposed by the District Court, complaining that the District Court improperly admitted an anonymous tip phone call and erroneously refused to consider certain character evidence in sentencing him. We will affirm.

Simpson was arrested and charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The arrest arose out of an incident near the Hall Manor housing project in the City of Harrisburg, Pennsylvania, involving an altercation over a gun. The Harrisburg police were alerted by an anonymous telephone call indicating that "there's a short, light-skinned black male with two other men and somebody was yelling about a gun." According to the police officer's version, when the police arrived, several individuals left the area, but Simpson, who, according to the officers, matched the description, did not flee. Upon the officers' indicating that they wished to frisk him, Simpson declined to be searched, stating that he had done nothing wrong. He was then told that he would be detained for purposes of the frisk and Officer Donofrio grabbed Simpson's left shoulder, in response to which Simpson began to run and a scuffle ensued. The accompanying officer, Officer Gold, in subduing Simpson, recovered a .9 mm handgun.

Simpson proceeded to trial before a jury at which the government introduced testimony from Officers Donofrio and Gold, including the testimony regarding the anonymous telephone call. Simpson's theory of defense was that the gun was planted by

2

the police when they realized they had overreacted in subduing him.  The jury convicted Simpson.

At sentencing, Simpson's mother and grandmother commented upon his character and background.   Simpson's mother claimed that her son was innocent, in response to which the District Court explained that the jury had found him guilty and the judge stated that he did not "have the discretion to take into account what a good son he is or what a good grandson he is."

Before us, Simpson challenges both the admission of the anonymous phone call and the District Court's refusal to consider his character at sentencing.  Because no objection was lodged as to either of these alleged deficiencies at the time of trial and sentencing, respectively, we review for plain error.  United States v. Pojilenko, 416 F.3d 243, 245 (3d Cir. 2005).  We find none.

Although we have held that an anonymous phone call tip does not provide probable cause for purposes of the Fourth Amendment search and seizure, see, e.g., United States v. Roberson, 90 F.3d 75, 80-81 (3d Cir. 1996); see also United States v. Ubiles, 224 F.3d 213 (3d Cir. 2000), we have not held that the admission at trial of evidence of an anonymous tip is, in and of itself, plain error.

Here, defense counsel not only did not object to the admission of the phone call evidence, but, to the contrary, chose to refer to the tip as part of his attack on the legality of the police action.   Counsel chose not to argue in a suppression hearing that the tip was insufficient to constitute probable cause.  Rather, he relied upon it as part of the defense at

3

trial.  Counsel having made this choice, we cannot find that the District Court plainly erred in permitting its admission.

Counsel repeatedly referred to the tip at various stages of trial[1] and attacked the police officers' failure to investigate it.  We can only conclude that counsel did so as a trial tactic.   When the defense has waived an objection to the admissibility of evidence as a matter of strategy, it is not subject to review and, especially, not subject to review under a plain error standard.  See Gov't of the Virgin Islands v. Rosa, 399 F.3d 283, 290-91 (3d Cir. 2005).   Here, Simpson did not merely fail to object; rather, we are convinced upon review of the record that he chose not to object as a strategic path, and thus actually waived the right to complain of the admission of the evidence regarding the anonymous tip.

Simpson also urges that the District Court improperly refused to consider evidence of his character in sentencing him.  He urges quite properly that, post-Booker, the sentencing guidelines are advisory, and not mandatory, and that courts are to assess "the history and characteristics of the defendant" as part of their consideration of sentencing factors.  18 U.S.C.  § 3553(a)(2)(A).   He contends that the District Court refused to do so.   The District Court heard the testimony of Simpson's mother, who stated:

> Just to add to what I put in the letter that I wanted to say. I know my son is innocent.  And I know that the way it might look like it happened, I know it didn't happen that way.  And

---

[1] Defense counsel's opening address (page 23-4), cross-examination (pages 26, 35, 40-41), and closing (page 198, 201).

> I know my son has done some things in the past, but I also know that he's been trying to turn his life around. He was working a full time job. He was talking about getting married . . . But I just want to say, I know that the way things seemed to be, that's not the way it is.

The judge then replied:

> All right. Ms. Banks, you understand my role in this whole thing. You know, this case was tried before a jury, and a jury of twelve people concluded that Donald was guilty of the charges against him. And those charges carry consequences, which I'm obliged to recognize. And I don't have the discretion to take in account what a good son he is or what a good grandson he is. I'm sure that you think highly of him, and I appreciate your being here this morning. Thank you.

The judge then proceeded to sentence Simpson to the lowest possible sentence under the guideline range, namely, 108 months.

We find some merit to Simpson's argument. While the government argues that the District Court was only reacting to Ms. Banks' claim of Simpson's innocence, we are not so sure that that is the appropriate reading. The judge did not merely say that he could not consider Simpson's character so as to declare him innocent, but said, instead, with respect to the "consequences," that the court was "obliged to recognize" that he did not have the discretion to take into account what a good son he was or what a good grandson he was. We think the government's reading paints too clear a picture of what in fact is a bit vague. The District Court's sentiments appear to be more broadly based at the "consequences," namely, the sentence, rather than Simpson's guilt or innocence.

5

Furthermore, the judge then proceeded to sentence Simpson at the lowest end of the guideline range, after stating to Mr. Simpson, "Okay. I'm sorry you're here."

It is unclear whether the District Court Judge was referring to Simpson's innocence or to the sentence he could impose. If the latter, the Judge would have had the discretion to take Simpson's character into account and sentence him below the advisory guideline minimum. In light of this ambiguity, we will remand for resentencing.

Accordingly, we will affirm Simpson's conviction, vacate the District Court's Judgment and Commitment Order, and remand for resentencing only.