NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0705n.06

No. 08-1494

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 29, 2009
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| MICHELLE D. SMITH, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

BEFORE: GILMAN and GRIFFIN, Circuit Judges, and STEEH, District Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Michelle D. Smith appeals her 204-month prison sentence as procedurally and substantively unreasonable after pleading guilty to conspiracy to distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 846. Smith argues that the length of her sentence is greater than necessary to achieve the sentencing objectives set forth in 18 U.S.C. § 3553(a). We disagree and affirm.

I.

On December 12, 2007, Smith pled guilty to conspiracy to distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 846. The parties agreed

_____

[*]The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

that the government could prove that Smith conspired to deliver 47.96 grams of cocaine base.

The presentence report ("PSR") recommended sentencing Smith as a career offender under U.S.S.G. § 4B1.1 because she was more than eighteen years of age at the time of her conviction, the instant offense was a controlled substance offense, and her criminal history contained two prior state felony convictions for controlled substance offenses.[1] The PSR calculated Smith's base offense level at 34 because the statutory maximum term of imprisonment for violating 21 U.S.C. § 841(b)(1)(B)(iii) is forty years. U.S.S.G. § 4B1.1(b). According to § 4B1.1(b), the PSR assessed her criminal history as a category VI. After affording Smith a three-level adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1(a)-(b), the PSR recommended a total offense level of 31, producing an advisory Guidelines range of 188 to 235 months of imprisonment.

Smith's probation officer also calculated her offense level under U.S.S.G. § 2D1.1, the Guideline applicable to controlled substance offenses. The PSR recommended a base offense level of 32 because her relevant conduct involved 2,073 kilograms of marijuana equivalent. Affording a three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a)-(b), the PSR recommended a total offense level of 29 and a criminal history category of VI based on Smith's 17 criminal history points. These calculations produced a Guidelines range of 151 to 188 months of imprisonment. *See* U.S.S.G. ch. 5, pt. A (Sentencing Table). Pursuant to § 4B1.1(b), because the offense level calculated under the career offender guideline was greater than the offense level

---

[1]Smith was twice convicted, in 1991 and 1998, of unlawfully manufacturing or delivering fifty grams or less of cocaine, a felony under Michigan law. *See* MICH. COMP. LAWS § 333.7401(2)(a)(iv).

calculated under § 2D1.1, the probation officer recommended that the district court should sentence

Smith under the advisory Guidelines range set forth in § 4B1.1(b).

Smith raised two objections to the PSR that were resolved prior to her sentencing. It is

uncontested that Smith did not object to that portion of the PSR that calculated her offense level

under U.S.S.G. § 4B1.1. However, her sentencing memorandum presented the following categorical,

policy-based disagreement with § 4B1.1:

> The advisory guideline range is 188 to 235 months. Due to her career offender
> status, this range is significantly more than the sufficient sentence contemplated by
> 18 U.S.C. § 3553(a). This may be a case where, given the nature of those predicate
> convictions to the career offender status (that is: the very nominal amounts of crack
> involved in each of those cases) the Court should give thought before following the
> career offender advisory guideline. The career offender guideline, like all the other
> guidelines, is advisory not mandatory.

> \* \* \*

> The question for policymakers is whether the career offender guideline, especially
> as it applies to repeat drug traffickers, clearly promotes an important purpose of
> sentencing. Unlike repeat violent offenders, whose incapacitation may protect the
> public from additional crimes by the offender, criminologists and law enforcement
> officials testifying before the Commission have noted that retail-level drug traffickers
> are readily replaced by new drug sellers so long as the demand for a drug remains
> high. Incapacitating a low-level drug seller prevents little, if any, drug selling; the
> crime is simply committed by someone else. [quoting Fifteen Years of Guidelines
> Sentencing, 134, available at http://www.ussc.gov/15_year/ ch. 4 pdf].

> \* \* \*

> Such a disparity, in light of the Sentencing Commission's findings of the impact of
> the career offender guideline in cases not unlike that before the Court, and when
> compared to the benefit to society intended but which is virtually non-existent,
> should not be accepted or enforced by this Court. Whether it be deemed a downward
> departure due to an overstated criminal history or a variance due to the impact of the
> career offender designation on this defendant on these facts who has this particular

criminal history, the fact of the matter is that the career offender advisory guideline range significantly exceeds any reasonable determination of the sufficient sentence.

On April 10, 2008, the district court conducted Smith's sentencing. Her counsel argued for a lenient sentence, "rely[ing] on the sentencing memorandum that [he] filed previously . . . for the Court's consideration[.]" At the close of the hearing, the district court sentenced Smith to 204 months of imprisonment pursuant to the career offender guideline, § 4B1.1. After pronouncing Smith's sentence, the district court asked Smith's counsel whether he had "any legal objection to the sentence imposed[.]" Counsel responded "No."

This appeal followed.

II.

We review the district court's sentencing decisions for reasonableness under an abuse-of-discretion standard. *United States v. Bates*, 552 F.3d 472, 476 (6th Cir. 2009) (quoting *Gall v. United States*, 128 S. Ct. 586, 594 (2007)); *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). Reasonableness review has both procedural and substantive components. *United States v. Sedore*, 512 F.3d 819, 822 (6th Cir. 2008). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Gall*, 128 S. Ct. at 597. If the sentence is procedurally sound, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* We

apply a presumption of substantive reasonableness to sentences that fall within the applicable Guidelines range. *Sedore*, 512 F.3d at 823.

III.

A.

Smith first argues that her 204-month prison sentence is procedurally unreasonable because the district court calculated her Guidelines range under U.S.S.G. § 4B1.1(b). She asserts that § 4B1.1 "is invalid and should not have served as a basis for Ms. Smith's sentence." She analogizes the career offender guideline to the "flaw[ed]" crack cocaine guidelines and contends that § 4B1.1 "does not represent sound policy making." In short, her argument presents a categorical, policy-based disagreement with the career offender guideline as set forth in § 4B1.1.

The parties disagree regarding the standard of review that we should apply when analyzing Smith's policy-based claim – plain-error or abuse-of-discretion. To decide this question, we must first address whether Smith preserved her claim for appeal.

According to *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), "[i]f a party does not clearly articulate any objection and the grounds upon which the objection is based, when given [a] final opportunity [to] speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal." *Id.* at 872-73; *see also United States v. Vonner*, 516 F.3d 382, 385-89 (6th Cir. 2008) (en banc) (applying *Bostic*'s forfeiture rule to procedural-reasonableness claims). Smith concedes that her counsel responded "No" when the district court asked him whether there were "any legal objections to the sentence imposed[,]" and

that her counsel failed to object to that portion of the PSR that calculated her offense level under §

4B1.1.

Under *United States v. Herrera-Zuniga*, 571 F.3d 568 (6th Cir. 2009), "a policy-based

disagreement" with the Guidelines is "properly construed as a procedural challenge." *Id.* at 583 n.8.

Thus, because Smith failed to object to the district court's application of the career offender

guideline after pronouncing her sentence, we review the district court's decision to apply § 4B1.1

for plain error.[2]  To establish plain error, a defendant:

> must show (1) that an error occurred in the district court; (2) that the error was plain,
> *i.e.*, obvious or clear; (3) that the error affected [the] defendant's substantial rights;
> and (4) that this adverse impact seriously affected the fairness, integrity or public
> reputation of the judicial proceedings.

*United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008) (quoting *United States v. Koeberlein*,

161 F.3d 946, 949 (6th Cir. 1998)).

Smith argues that the methodological flaws that allegedly run through the career offender

guideline invalidate that guideline entirely.  Specifically, her disagreement with § 4B1.1 is based

upon an analogy to the "flawed" crack cocaine guidelines scrutinized in *Kimbrough v. United States*,

128 S. Ct. 558, 575 (2007), yet those guidelines remain valid, even after the Supreme Court decided

*Kimbrough.  See United States v. Mikowski*, No. 08-1791, 2009 WL 1546375, at *5 (6th Cir. June 3,

2009) (unpublished); *United States v. Branch*, 537 F.3d 582, 594-95 (6th Cir. 2008).  Put simply,

---

[2]Smith conceded during oral argument, and we agree, that the district court understood its
authority to vary or depart from the advisory Guidelines if it accepted Smith's policy-based
disagreement with § 4B1.1.  Thus, the limited exception to *Vonner*'s forfeiture rule created in
*Herrera-Zuniga* does not apply to the present case.  *See Herrera-Zuniga*, 571 F.3d at 579-80.

a sentencing court is not *required* to vary or disagree with the crack cocaine guidelines post-*Kimbrough*. A within-Guidelines sentence for a crack cocaine offense post-*Kimbrough* may still survive a reasonableness inquiry. The career offender guideline, as applied in Smith's case, is no different. Moreover, while we recently held that a sentencing court *may* impose a sentence below the career offender guideline based on a policy disagreement with that guideline (as with the crack cocaine guidelines), *see United States v. Michael*, 576 F.3d 323, 327 (6th Cir. 2009), it is certainly not *required* to do so. Thus, Smith's policy-based disagreement, as she presents it, would require us to facially invalidate § 4B1.1.

It is not our station to wholly invalidate the career offender guideline. Because the district court was not *required* to reject the advisory Guidelines range recommended under § 4B1.1, Smith cannot demonstrate error, let alone plain error.

B.

Upon concluding that the sentencing decision is procedurally sound, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Alexander*, 543 F.3d at 822 (citation omitted). District courts are charged with imposing "a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a). We apply a rebuttable presumption of reasonableness for sentences within the Guidelines range. *Sedore*, 512 F.3d at 823.

Smith claims that the district court "exaggerated" her criminal history score during the sentencing hearing. She bases her argument on the following statement by the district court:

> So that I find this then has an adjusted offense level of 31 and a criminal history level of VI, being for purposes of calculation 17 criminal history points, considerably above the range here of a criminal history level of VI.

This argument lacks merit. A review of the advisory Guidelines Sentencing Table confirms the accuracy of the district court's statement regarding Smith's criminal history. *See* U.S.S.G. ch. 5, pt. A (Sentencing Table).

A defendant's criminal history category is determined by the number of criminal history points calculated in the PSR and confirmed by the district court. Smith's criminal history points totaled 17, a score that contained four more points than necessary to constitute a category VI. Criminal history categories (with the exception of category I) are based upon a range of three criminal history points. Because Smith's criminal history score was 17, her criminal history contained four more points than necessary to qualify as category VI, the highest category, which requires a minimum of 13 points. Thus, her criminal history score of 17 exceeded the presumptive three point range reflected in categories II - V and was "considerably above the range [] of a criminal history level of VI." We conclude that the district court did not unreasonably "exaggerate" her criminal history. In fact, its statement was accurate.

Finally, Smith claims that her sentence is substantively unreasonable because her "co-defendants" received more lenient sentences. Again, this argument lacks merit. There were no co-defendants in Smith's case. The two women arrested with Smith were prosecuted in the state courts. Thus, she cannot meritoriously claim that there is an unwarranted sentencing disparity under 18 U.S.C. § 3553(a)(6) because her argument ignores the existence and operation of two independent

sentencing systems. We recently rejected an argument that a federal sentence was unreasonable because it "provided for a lengthier period of imprisonment than did applicable *state* sentencing principles." *Cowherd v. Million*, 260 F. App'x 781, 786 (6th Cir. 2008) (unpublished) (citing *United States v. Malone*, 503 F.3d 481, 485-86 (6th Cir. 2007)). Instead, the *Malone* court joined our sister circuits in holding that district courts need only consider unwarranted disparities in sentences imposed upon federal defendants and "not those that may exist between federal and state court" sentences. *Malone*, 503 F.3d at 486; *see also Cowherd*, 260 F. App'x at 786. "Because of the parallel, non-intersecting nature of the state and federal criminal justice systems and sentencing frameworks," Smith's argument must fail. *Cowherd*, 260 F. App'x at 786. Smith has therefore not rebutted the presumption that her within-Guidelines sentence is substantively reasonable.

IV.

For these reasons, we affirm the judgment of the district court.