**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0519n.06

**No. 10-1435**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 26, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DERICK OLIN MCCONNON,

    Defendant-Appellant.

                          /

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Before: SUTTON and WHITE, Circuit Judges; and STAFFORD, District Judge.[*]

STAFFORD, District Judge. The defendant-appellant, Derick Olin McConnon, appeals the reasonableness of his 110-month sentence imposed by the district court after he pleaded guilty to conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846. We **AFFIRM**.

**I.**

After being charged in a three-count indictment with multiple drug offenses, McConnon pleaded guilty to Count 3 of that indictment, charging him with conspiracy to possess 500 grams or more of cocaine with intent to distribute. At the plea hearing, the district court advised McConnon that the statutory penalty range for Count 3 was five to forty years. The court also advised

---

[*] The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

McConnon that "the sentencing guidelines . . . are advisory to the Court, meaning that that's where the Court will begin the sentencing process, but the Court is free to sentence you within those guidelines, above the guidelines, or below the guidelines as long as the Court honors the statutory range of 5 to 40 years."

Before sentencing, McConnon's probation officer determined that McConnon was responsible for distributing at least 907.2 grams of powder cocaine and 907.2 grams of cocaine base, resulting in a base offense level of 36. The probation officer based the drug quantities on the results of a search of McConnon's residence as well as on McConnon's statement to law enforcement officers immediately after the search that he had been selling at least 2 ounces of cocaine base and 2 ounces of powder cocaine every week for the prior four months. The PSR reflected an advisory guidelines range of 210 to 262 months (total offense level 33 and criminal history category V). At sentencing, however, the probation officer acknowledged that McConnon was entitled to a two-level reduction under U.S.S.G. § 2D1.1, Application Note 10(D), and that the correct guidelines range was thus 168 to 210 months (total offense level 31 and criminal history category V).

McConnon objected to the quantity of drugs attributed to him, arguing that the parties had agreed in the plea agreement that McConnon was responsible for relevant conduct involving at least 500 grams but less than 2 kilograms of *cocaine*. No mention was made of crack cocaine in the plea agreement. While conceding that the PSR accurately reflected information that he voluntarily gave to law enforcement regarding both the quantity and type of controlled substance, McConnon asked the court to treat all of the cocaine attributed to him as powder for purposes of the guideline

calculations. The court rejected McConnon's request and instead determined that the evidence supported the probation officer's reliance on a 50/50 mix of powder and crack.

Recognizing that McConnon's request to base his sentence on powder cocaine was directed at the guidelines' disparate treatment between crack and powder, the district judge explained that he did not disagree on policy grounds with the crack to powder ratio reflected in the guidelines. Rather, he found it appropriate to use the guidelines' ratio as "a starting point," because "[t]hat is what ensures some uniformity across all offenders[] [and] [t]hat is what allows courts to make judgments from that point, whether for departure or variance, but at least on a common record."

The government advised the court at sentencing that Congress was then considering legislation that would significantly reduce the disparity between the crack and powder guidelines. Based on the expectancy of that legislation and with McConnon's consent, the government excised the waiver of appeal and collateral attack section from the signed plea agreement, allowing McConnon to file a protective appeal.

Before imposing sentence, the district judge granted the government's U.S.S.G. § 5K1.1 motion for a 3-level downward departure based on McConnon's substantial assistance and explained that he intended to depart one level down on criminal history because the criminal history score "substantially overstate[d] the seriousness of that prior history." With the downward departures, McConnon's guidelines range was 110 to 137 months. The district court sentenced McConnon to 110 months' imprisonment. In computing the sentence, the judge referred to several of the relevant § 3553(a) factors and discussed some of McConnon's personal circumstances as well as some of the individual circumstances of the crime.

McConnon filed a timely appeal, challenging the reasonableness of his sentence. On August 3, 2010, while the case was on appeal, Congress passed the Fair Sentencing Act of 2010 ("FSA"), which changed the statutory penalties for offenses involving crack cocaine, significantly reducing the disparity between sentences for offenses involving crack and powder cocaine. The FSA did not contain a provision making the statutory changes retroactive.

The United States Sentencing Commission was made responsible for amending the guidelines to implement the FSA. In fact, in April of 2011, the Sentencing Commission promulgated an amendment to the guidelines making the drug quantity table consistent with the FSA. Then, on June 30, 2011, the Sentencing Commission voted unanimously to make the amended drug quantity table retroactive. The amendments making retroactive changes to the drug quantity table will become effective on November 1, 2011, absent congressional action to the contrary.

## II.

This court reviews a district court's sentence for both procedural and substantive unreasonableness. *United States v. Bowers*, 615 F.3d 715, 725 (6th Cir. 2010). Preserved reasonableness challenges are reviewed under a deferential abuse-of-discretion standard. *United States v. Herrera–Zuniga*, 571 F.3d 568, 581 (6th Cir. 2009). We apply a rebuttable appellate presumption of reasonableness to a sentence that falls within a properly calculated guidelines range. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (*en banc*).

A sentence is substantively unreasonable if "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Camiscione*, 591 F.3d

823, 832 (6th Cir. 2010). A sentence is procedurally inadequate if, for example, the district court treats the guidelines as mandatory, thus failing to comprehend the scope of its discretion to depart from those guidelines. *United States v. Pizzino*, No. 09-2146, 2011 WL 1345052, at \*3 (6th Cir. Apr. 08, 2011) (unpublished opinion). We assume that the district court correctly understood its discretionary authority under the guidelines absent clear evidence in the record to the contrary. *Id.*

Here, McConnnon contends that his sentence was unreasonable because the district court failed to recognize its discretion to sentence outside the crack cocaine guidelines contrary to the teaching of *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Spears v. United States*, 555 U.S. 261, 129 S. Ct. 840 (2009). In *Kimbrough*, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Kimbrough*, 552 U.S. at 110. Later, in *Spears,* the Court clarified that a district court has the authority to vary from the crack cocaine guidelines based not only on individualized case-specific circumstances but also on a policy disagreement with those guidelines. *Spears*, 129 S. Ct. at 843-44.

That a district court *may* depart from the crack cocaine guidelines does not mean that a district court commits procedural error when it sentences a defendant within the applicable crack cocaine guidelines range. *See United States v. Smith*, 350 F. Appx. 54, 57 (6th Cir. 2009) (unpublished) (noting that "a sentencing court is not *required* to vary or disagree with the crack cocaine guidelines post-*Kimbrough*) (emphasis in original); *United States v. Caver,* 470 F.3d 220, 249 (6th Cir.2006) (noting that, "while a departure from the 100:1 ratio may well be reasonable in

a particular case, applying the ratio does not, *ipso facto*, make a sentence unreasonable under existing case law"). Indeed, as long as the sentencing court understands its discretion to vary the guidelines ratio per *Kimbrough* and *Spears*, the court does not commit procedural error by simply choosing not to exercise that discretion. *United States v. Lanier*, 636 F.3d 228, 235 (6th Cir. 2011) (explaining that "[w]hen a judge is aware of his discretion under *Spears* and chooses not to exercise it, that generally is the end of the matter") (internal quotation marks, alterations and citation omitted); *United States v. Simmons*, 587 F.3d 348, 364 (6th Cir. 2009) (holding that "when a district court observes that the Guidelines are advisory and provides no indication that policy disagreements are not a proper basis to vary, then a sentence within the Guidelines range remains presumptively reasonable on appeal").

In this case, the undisputed record establishes that the district court understood that the guidelines are not mandatory. The court explained to McConnon that "the sentencing guidelines . . . are advisory to the Court, meaning that that's where the Court will begin the sentencing process, but the Court is free to sentence you within those guidelines, above the guidelines, or below the guidelines as long as the Court honors the statutory range of 5 to 40 years." The judge also explained that he had no "policy disagreement" with the guideline ratios, that he chose to use the guideline ratios as a "starting point" because he thought some kind of uniform treatment under the guidelines was appropriate. According to the Supreme Court, a "starting point" is just what the guidelines are supposed to be. *See Gall v. United States*, 552 U.S. 38, 49 (2007) (explaining that "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark").

Because the record here contains no clear evidence that the district court believed the guidelines to be mandatory, or that the court misunderstood its authority to depart downward from the crack guidelines, we reject McConnon's argument that the district court failed to recognize its discretion to sentence outside the crack cocaine guidelines, thereby committing procedural error. We find no abuse of discretion on the part of the district court, and we find no basis to set aside McConnon's 110-month sentence.

We also find no basis to remand for re-sentencing pursuant to the FSA. Because this court has ruled that the FSA does not apply retroactively to persons, like McConnon, who were sentenced before the statute became law, McConnon cannot reap the benefits of a reduction in sentence under the FSA. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). Furthermore, the amendments to the sentencing guidelines, which implement the FSA, are not yet effective and do not entitle McConnon to a re-sentencing at this time. Should those guideline amendments take effect on November 1, 2011, McConnon may then seek relief under 18 U.S.C. § 3582(c)(2).

The district court's judgment of sentence is **AFFIRMED.**