PER CURIAM.
Billie Lou Mosley conspired with her husband and son to distribute oxycodone pills in violation of 21 U.S.C. § 846. While in federal custody awaiting sentencing, she also attempted to obtain marijuana in violation of 18 U.S.C. § 1791. She pled guilty to both charges.
Mosley’s presentence report (PSR) was thereafter amended five times. The Third Addendum to her presentence report recommended that the district court group *278 Mosley’s drug offenses under § 3D1.2(d) for the purpose of determining the aggregate quantity of drugs involved. The Fourth Addendum ungrouped the offenses; but then the Fifth Addendum regrouped them again, without explaining which sub-part of § 3D 1.2 should apply. During Mosley’s sentencing hearing, the district court grouped Mosley’s offenses and stated that it accepted the PSR in full. But the court did not state which section of the guidelines it used to group the offenses— an omission resulting from Mosley’s own failure to object to the grouping in the district court. (She objects to it here.). In any event, after grouping the offenses, the court enhanced Mosley’s sentence four levels for her leadership role in the marijuana-contraband offense. As a result, her guidelines range was 97 to 121 months’ imprisonment. The district court sentenced Mosley to 97 months’ imprisonment for the conspiracy offense and 12 consecutive months for the contraband offense. Mosley appealed her sentence for the conspiracy offense but did not appeal the contraband judgment.
On appeal, the parties’ positions with respect to the calculation of Mosley’s guidelines range have changed as often as her PSR did. As to the grouping of Mosley’s offenses in particular, the government has offered no less than four different — and conflicting — explanations for the district court’s calculation of Mosley’s guidelines range. One position came in the government’s merits brief; another came in letter briefing requested by our court; another came at oral argument; and yet another followed in an unsolicited letter afterward. Mosley too has repeatedly shifted her arguments before our court, particularly with respect to her leadership enhancement. The result is a singularly confused record on appeal.
A predicate for our review of a sentence under 18 U.S.C. § 3742(f) is that the record allow for “meaningful appellate review.” Gall v. United, States, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Absent such a record — such as, for example, when the district court does not “adequately explain the chosen sentence!,]” id. — a sentence is procedurally unreasonable. See United States v. Barahona-Montenegro, 565 F.3d 980, 985--86 (6th Cir. 2009). Here, the record does not allow us to determine the specific grounds on which the district court grouped Mosley’s offenses and otherwise determined her guidelines range. Those issues, moreover, involve a complicated interplay between numerous provisions of the guidelines. We therefore conclude, as we did in another recent case, that “a remand is warranted to reduce confusion and ensure correctness.” U.S. v. Sanders, 472 Fed.Appx. 376, 382 (6th Cir.2012).
We vacate Mosley’s sentence on grounds that it is procedurally unreasonable, and remand her case for clarification of the district court’s reasoning with respect to its calculation of Mosley’s guidelines range and for any other proceedings the district court thinks appropriate.