NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0385n.06

Case No. 21-5449

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Sep 23, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE MIDDLE DISTRICT OF |
| | ) | TENNESSEE |
| STEVE A. BRADEN, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: GILMAN, GRIFFIN, and THAPAR, Circuit Judges.

The Court delivered a PER CURIAM opinion. GILMAN, J. (pp. 8–10), delivered a separate dissenting opinion.

PER CURIAM. Steve Braden moved the district court for a reduced sentence under the First Step Act. The district court shortened Braden's sentence for his drug-possession offense. But it left the total term of imprisonment intact. We affirm.

I.

Police arrested Steve Braden in 2008 for possessing 10.1 grams of crack cocaine, 2.6 grams of powder cocaine, and 3 firearms. Based on this conduct, a jury convicted him on three counts: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(i); (2) possessing cocaine with the intent to distribute the drug, in violation of 21 U.S.C. § 841(a)(1); and (3) possessing firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Since Braden is a career offender and an armed career criminal, the district court

originally sentenced him to forty years for the first two offenses (to run concurrently) and five years for the third offense (to run consecutively), for a total of forty-five years.

Braden moved for a reduced sentence under the First Step Act.  And the district court reduced Braden's sentence for the drug-possession offense—the only offense covered by the Act—to thirty years.  But it left the other two sentences intact.  So Braden's total term didn't change; it remained forty-five years.  Braden appeals.

## II.

Braden contests both the procedural and substantive reasonableness of his sentence.  We generally review reasonableness for an abuse of discretion.  *See United States v. Ramirez-Figueredo*, 33 F.4th 312, 318 (6th Cir. 2022) (procedural reasonableness); *United States v. Sexton*, 889 F.3d 262, 265 (6th Cir. 2018) (substantive reasonableness).  But we review unpreserved procedural-reasonableness arguments for plain error.  *See Ramirez-Figueredo*, 33 F.4th at 318.  We address Braden's arguments in turn.

## A.

Start with procedural reasonableness.  A sentence is procedurally reasonable when the district court properly calculates the Guidelines range, treats the Guidelines range as advisory, considers the other 18 U.S.C. § 3553(a) factors, selects the sentence based on facts that aren't clearly erroneous, and adequately explains why it chose the sentence.  *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019).  The district court must also "make clear that it reasoned through the parties' arguments" for their preferred sentences.  *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (cleaned up) (quoting *United States v. Maxwell*, 991 F.3d 685, 693 (6th Cir. 2021)).  But that doesn't mean that the court needs to "expressly rebut each argument."

*Id.* (quoting *Maxwell*, 991 F.3d at 694). It's enough that the "record as a whole shows that it considered the issue." *United States v. Smithers*, 960 F.3d 339, 345 (6th Cir. 2020).

Braden asserts that the district court made three procedural errors: It failed to (1) address Braden's nonfrivolous arguments for leniency, (2) justify its refusal to reduce the total sentence length considering "Congress's rejection of the 100:1 crack-to-powder ratio," and (3) acknowledge "the full extent of its resentencing authority" under the First Step Act. Appellant Br. 15. We disagree.

***Braden's arguments for leniency.*** Braden raises several leniency arguments. First, he asserts that his sentence is "extraordinarily harsh." *Id.* at 23. But the district court didn't think so. And it adequately explained why: In its words, a further reduction "would overlook the seriousness of his offenses and criminal history." R. 209, Pg. ID 1363. The record supports this conclusion. Braden's three drug- and weapons-related offenses are serious. And his criminal history— including "convictions for robbery, drug trafficking, assault, aggravated assaults, violation of an order of protection, and theft of property"—is substantial. R. 209, Pg. ID 1363. Thus, the district court's failure to rebut Braden's argument doesn't constitute procedural error. *See Concepcion*, 142 S. Ct. at 2404.

Second, Braden argues that his total sentence is "overly harsh" considering the government's plea offers—both of which Braden rejected. Appellant Br. 23. But rejected plea offers aren't relevant to the court's weighing of the section 3553(a) factors and thus don't change the calculus for the sentencing court's decision.[*] *See United States v. Austin*, No. 21-1363, 2021

---

[*] Braden cites *United States v. Payton*, 754 F.3d 375 (6th Cir. 2014), to argue that the rejected plea offers are relevant. But our court in *Payton* merely noted the vast delta between the government's proposed sentence and the sentence imposed—a sentence more than twice the top end of the Guidelines range—as an example of a major departure from the Guidelines that required "significant explanation." *Id.* at 378. So *Payton* doesn't even discuss rejected plea offers, much less suggest that the district court must consider a rejected plea offer when imposing a within-Guidelines sentence.

WL 4771125, at *2 (6th Cir. Aug. 9, 2021). And as noted above, the district court explained that further sentence reduction wasn't justified despite Braden's arguments to the contrary. So the district court didn't err in failing to reference Braden's rejected plea offers. *See Smithers*, 960 F.3d at 345.

Third, Braden asserts that the district court didn't consider his post-incarceration rehabilitation efforts. Not true. The district court specifically referenced Braden's post-incarceration conduct when it mentioned his "numerous disciplinary infractions"—Braden had more than twenty-five disciplinary infractions while in the state penitentiary and accrued an additional nine post-sentencing. R. 209, Pg. ID 1363; *see also* R. 120, Pg. ID 633–44; R. 212, Pg. ID 1408. Combined with the district court's acknowledgment (and rejection) of Braden's request for "a greater sentence reduction," that reference shows that the district court sufficiently weighed Braden's post-incarceration conduct when imposing its modified sentence. *See United States v. Osborne*, 860 F. App'x 77, 81 (6th Cir. 2021). Hence, its analysis of Braden's post-incarceration conduct doesn't amount to procedural error.

And fourth, Braden argues that the delta between the government's plea offers and his sentence shows that he was punished for exercising his right to a jury trial. But he didn't raise this argument below. So we review it for plain error. *See Ramirez-Figueredo*, 33 F.4th at 318. Braden can't point us to any "binding case law" that requires a district court to explain the difference between a rejected plea offer and the sentence imposed. *See United States v. Austin*, 825 F. App'x 324, 326 (6th Cir. 2020) (citation omitted). Thus, the district court didn't plainly err by not mentioning the delta between Braden's rejected plea offers and the sentence imposed.

***Congress's reasons for rejecting the 100:1 crack-to-powder ratio.*** Shifting gears, Braden faults the district court for not acknowledging "Congress's reasons for rejecting the 100:1 ratio"

or how that ratio "impacted Braden's original sentence." Appellant Br. 22–23. But the district court's job isn't to opine on congressional policy—it's to identify and apply the law. And that's what the court did here. It properly recognized the reduced Guidelines range and explained why no more than a five-year sentence reduction for Braden's drug-possession charge was warranted. That's enough. *See Smithers*, 960 F.3d at 345. Its failure to expressly acknowledge congressional policy doesn't amount to procedural error.

***The district court's authority.*** Braden asserts that the district court procedurally erred by failing to explicitly recognize "the full extent of its power under the First Step Act." Appellant Br. 24. Specifically, he asked the district court to reduce his overall sentence because his cocaine and felon-in-possession convictions were grouped together. We have not yet decided whether a district court may alter a sentence based on grouped offenses when some offenses are covered by the First Step Act and some are not. *See United States v. Chambers*, Nos. 21-1331/1378, 2022 WL 612805, at *2 (6th Cir. Mar. 2, 2022). We do not decide that issue today either.

To be sure, the district court never expressly stated whether it had the authority to reduce Braden's total sentence. But we must assume that the district court correctly understood the scope of its discretionary authority "absent clear evidence to the contrary." *See United States v. McConnon*, 432 F. App'x 497, 500 (6th Cir. 2011). And there's nothing in the record to suggest the district court misunderstood that power. In fact, the court did as Braden requested: it "consider[ed] all the usual sentencing factors in 18 U.S.C. § 3553(a)." R. 183, Pg. ID 1229. Then the court reduced his sentence for the cocaine offense, leaving intact "[a]ll other provisions of the judgment." R. 209, Pg. ID 1363. So the district court didn't commit a procedural error by failing to delineate the precise bounds of its authority.

At bottom, Braden hasn't identified any procedural errors.

B.

Now to substantive reasonableness. A sentence is substantively unreasonable where "the district court imposed a sentence that is greater than necessary" given the section 3553(a) sentencing factors. *United States v. Johnson*, 26 F.4th 726, 736 (6th Cir. 2022). But we generally don't "second guess sentences on substantive grounds when they fall in the range prescribed by the Guidelines." *United States v. Owen*, 940 F.3d 308, 317 (6th Cir. 2019) (citation omitted). Thus, within-Guidelines sentences like Braden's are presumptively reasonable.

Braden argues that his sentence is a "stark outlier" that falls outside the "constellation of similar cases." Appellant Br. 29 (quoting *United States v. Krueger*, 815 F. App'x 847, 851 (6th Cir. 2020)). As we've observed, this is "an unconventional ground" for challenging *within-Guidelines* sentences. *United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011). And Braden provides no support for his argument. Indeed, each of the data points offered by Braden considers his charges in a vacuum, detached from the broader context of Braden's conduct and prior convictions. But "each case must be considered . . . in the context of that individual's criminal history and that individual's prospects for a safe re-entry into free society." *United States v. Williams*, 817 F. App'x 164, 168 (6th Cir. 2020).

And when viewed in proper context, Braden hasn't shown that his sentence is a "stark outlier." *Krueger*, 815 F. App'x at 851. Indeed, data shows that career offenders like Braden are just as likely to get a within-Guidelines sentence (like the one Braden got) as they are to receive a below-Guidelines sentence that isn't government sponsored (like the one Braden wants). *See* U.S. Sentencing Comm'n, *Report to Congress: Career Offender Sentencing Enhancements* 27, 35 (Aug. 2016). Put another way, Braden's sentence isn't an outlier at all.

Thus, Braden hasn't overcome the presumption of substantive reasonableness for the within-Guidelines sentence imposed.

\* \* \*

We affirm.

RONALD LEE GILMAN, Circuit Judge, dissenting. I would vacate the judgment of the district court and remand because the court did not address Braden's nonfrivolous argument that he should be resentenced on both the "crack-cocaine" count and the "felon-in-possession" firearm count. The court reduced Braden's sentence for the crack-cocaine count (from 40 years to 30 years) but never acknowledged whether it also had the discretion to reduce Braden's sentence for the 18 U.S.C. § 922(g)(i) firearm conviction (leaving his total sentence at 45 years).

A district court's sentencing decision is procedurally unreasonable if the court "fail[s] to adequately explain the chosen sentence." *United States v. Kamper*, 748 F.3d 728, 739 (6th Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). A sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

In the present case, the district court failed to address either Braden's felon-in-possession count or the question of whether it had the authority to do so. The majority notes that the "district court never expressly stated whether it had the authority to reduce Braden's total sentence," but then "assume[s] that the district court correctly understood the scope of its discretionary authority . . . ." (Maj. Op. 5) In doing so, the majority appears to assume, without deciding, that the district court in fact has the discretion to amend both sentences, and that the court understood this discretion.

Our circuit, however, has not yet decided whether a district court has the authority to resentence a defendant on a noncovered offense that is grouped with a covered offense for sentencing purposes. *See United States v. Chambers*, Case Nos. 21-1331/1378, 2022 WL 612805 (6th Cir. Mar. 2, 2022) (declining to reach the question). Given that we have not yet taken a

position on the scope of this discretion, and that the district court was completely silent on the matter, I find no basis for the majority's assumption that the district court understood the scope of its discretion.

The district court's ambiguity also prevents us from understanding the basis for the court's decision not to reduce Braden's total sentence. *See United States v. Ross*, 858 F. App'x 840, 852 (6th Cir. 2021) (finding the ambiguity "particularly concerning" when we cannot ascertain whether the district court understood its discretion). Other circuits have remanded where the record was "unclear" as to whether the court appreciated its discretion in sentencing. *See, e.g.*, *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011); *United States v. Evans*, 293 F. App'x 63, 65 (2nd Cir. 2008); *United States v. Simpson*, 182 F. App'x 84, 87 (3rd Cir. 2006).

Here, we are left "to ponder and speculate" as to whether the district court considered Braden's arguments that (1) his sentence should be reduced for both of the counts in question, and (2) his Guidelines-range minimum was now 300 months for these two sentences. *See United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006) (noting that procedural unreasonableness is more likely if the district court's reasoning is unclear). Such pondering lends itself to finding "procedural unreasonableness in the court's sentencing determination." *Id.*; *see also United States v. Mosley*, 550 F. App'x 277, 278 (6th Cir. 2014) (concluding that "a remand is warranted to reduce confusion and ensure correctness" because "the record does not allow us to determine the specific grounds on which the district court grouped Mosley's offenses and otherwise determined her guidelines range" (quoting *United States v. Sanders*, 472 F. App'x 376, 382 (6th Cir. 2012))).

Other circuits have concluded that noncovered offenses that are grouped with covered offenses for sentencing are also eligible for resentencing. *See United States v. Reed*, 7 F.4th 105, 110 (2d Cir. 2021); *United States v. Spencer*, 998 F.3d 843, 846–47 (8th Cir. 2021); *United States*

*v. Winters*, 986 F.3d 942, 949 (5th Cir. 2021); *United States v. Taylor*, 982 F.3d 1295, 1300 (11th Cir. 2020); *United States v. Hudson*, 967 F.3d 605, 607–10 (7th Cir. 2020); *United States v. Gravatt*, 953 F.3d 258, 262–64 (4th Cir. 2020). "[T]his trend makes sense; '[s]entences for covered offenses are not imposed in a vacuum, hermetically sealed off from sentences imposed for non-covered offenses." *Chambers*, 2022 WL 612805, at *7 (Clay, J., dissenting) (second alteration in original) (quoting *United States v. Mitchell*, 832 F. App'x 387, 390 (6th Cir. 2020) (Stranch, J., concurring)). I agree with the circuits that have found that a district court does have the authority to consider both the covered and the noncovered offenses under circumstances similar to the case before us. Accordingly, I would vacate and remand so that the district court can properly engage in this analysis.

I also briefly note that the district court should have considered the entirety of Braden's post-sentencing rehabilitative conduct, not just his post-sentencing infractions. Although I would not vacate on this point alone, I find disturbing the district court's complete silence on the fact that Braden filed 21 certificates demonstrating his completion of various courses in the Bureau of Prisons. *See United States v. Williams*, 972 F.3d 815, 816–17 (6th Cir. 2020) (remanding a district court's resentencing decision because it did not address Williams's argument about his post-conviction rehabilitative conduct).

For all of the reasons set forth above, I respectfully dissent.