**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0706n.06
Filed: August 15, 2005

**No. 04-1554**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,                  )
                                           )
    Plaintiff-Appellee,                 )
                                           )
v.                                         )    ON APPEAL FROM THE UNITED
                                           )    STATES DISTRICT COURT FOR
                                           )    THE EASTERN DISTRICT OF
WARNER BERNARD CRIDER,                      )    MICHIGAN
                                           )
    Defendant-Appellant.                )

---

**Before**: **SILER and DAUGHTREY, Circuit Judges; MARBLEY, District Judge.**[*]

    **SILER, Circuit Judge.** Defendant Warner Bernard Crider was convicted of conspiracy to possess with the intent to distribute cocaine base, aiding and abetting distribution of cocaine, possession with the intent to distribute marijuana, and felonious possession of ammunition. He was sentenced to concurrent terms of life, life, five, and ten years, respectively. He appeals his conviction and sentence on several grounds. We **AFFIRM** his conviction, but **REVERSE** and **REMAND** his case for resentencing.

**I.**

    During their investigation, police executed search warrants on more than eleven residences and one storage facility. At the storage facility, the police uncovered a few pounds of marijuana and scales. Prior to trial, Crider moved to suppress evidence found in the storage facility on the basis

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

that the warrant was deficient. The district court determined that although the warrant was deficient, the officers who relied on the warrant acted in good faith.

Testimony at Crider's trial established that he operated upwards of nine "crack houses" in Jackson, Michigan between 1997 and 2001. Jackson City Police Detective Gary Shuette and Special Agent Curtis Brunson from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") each testified that Crider admitted committing drug trafficking and gun possession crimes. Co-conspirator Michael McGuire testified that he accompanied Crider to New York to buy drugs, and that he had seen Crider cook crack cocaine. Co-conspirator Arthur Davis testified that Crider carried firearms regularly, and that Crider instructed Davis to kill two potential witnesses.

After his conviction, Crider moved for a judgment notwithstanding the verdict or, alternatively, for a new trial, arguing that the prosecutor withheld *Brady* material. The court denied this motion on the merits and as untimely. In the Presentence Report ("PSR"), Crider's counts were grouped together. Although his base offense level was calculated at 38 for conspiring to distribute more than 1.5 kilograms of cocaine base, USSG § 2D1.1(c)(1), he was convicted of conspiring to distribute more than 50 grams. The PSR also recommended several upward adjustments: a 2-level increase for possession of a firearm, USSG § 2D1.1(b)(1); a 4-level increase for having a leadership role, USSG § 3B1.1(a); and a 2-level increase for obstruction of justice, USSG § 3C1.1. Three criminal history points were assessed for an assault on a co-conspirator. The district court adopted the PSR and determined Crider's offense level to be 43 with a criminal history level of V, and sentenced him to life in prison.

## II.

### A. Felon-in-Possession Charge

We review *de novo* whether Crider's conviction for being a felon in possession of ammunition is unconstitutional. *United States v. Thompson*, 361 F.3d 918, 920 (6th Cir. 2004). However, his Commerce Clause challenge is foreclosed by our prior decisions. *See United States v. Loney*, 331 F.3d 516, 524 (6th Cir. 2003); *see also Thompson*, 361 F.3d at 923 (noting that *Lopez* and *Morrison* do not cast doubt on Congress's power to enact 18 U.S.C. § 922(g)).

Additionally, viewing the evidence in the light most favorable to the prosecution, Crider's conviction is supported by substantial evidence because "a rational jury could [have found] the elements of [the] crime beyond a reasonable doubt." *United States v. Sawyers*, 409 F.3d 732, 735 (6th Cir. 2005). To sustain a conviction, the government must prove that: 1) Crider was convicted of a crime punishable by a term exceeding one year; 2) he knowingly possessed ammunition; and 3) the possession was in or affected commerce. *Id.* First, under Michigan law, Crider is a felon because his right to carry a firearm is restricted, *see* M.L.C.S. § 750.224f(2), and he never applied to restore his rights. *See United States v. Campbell*, 256 F.3d 381, 392 (6th Cir. 2001). Second, he had constructive possession of the ammunition found in his house. *See United States v. Schreane*, 331 F.3d 548, 560 (6th Cir. 2003). Finally, an expert testified that the ammunition was not produced in Michigan, so it necessarily traveled in interstate commerce. Thus, we affirm the conviction on this charge.

**B. The Validity of the Search Warrant**

The district court found that the warrant to search Crider's storage locker lacked probable cause because the supporting affidavit failed to mention that the informant specifically pointed out storage unit number 5 as belonging to defendant Crider. *See United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). However, the fruits of an otherwise illegal search may still be admitted in court, so long as the officers acted in good faith when executing the warrant. *United States v. Leon*, 468 U.S. 897, 922 (1984). We review *de novo* whether the officers are entitled to the *Leon* exception. *United States v. Helton*, 314 F.3d 812, 824 (6th Cir. 2003). Provided that there is a "minimally sufficient nexus between the illegal activity and the place to be searched," the evidence is admissible at trial. *Carpenter*, 360 F.3d at 596. In other words, the affidavit in support of the warrant must be more than "bare bones." *See United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005).

The officers who searched Crider's locker acted in good faith because the affidavit supporting the warrant was more than "bare bones," and contained a "minimally sufficient nexus" connecting the illegal activity and the place to be searched. The affidavit describes the place to be searched as "4131 W. Michigan Ave. Also known as 'Go Blue Storage,' specifically storage unit number 5." It noted that an informant told the police about the storage unit, and that he had a code that would allow access to the facility. This information was corroborated. Also, unit number 5 had a Master lock, and Crider had a Master key when he was arrested. Although the affidavit never specifically referenced Crider's control of storage unit number 5, the additional facts constitute a

"minimally sufficient nexus" between the particular storage unit and the items found therein. Thus the district court did not err in admitting the evidence found therein.

## C. Prosecutorial Misconduct

Crider alleges a series of errors, which he claims constitute prosecutorial misconduct both separately and cumulatively. He first argues that the prosecution denied him exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). We review this argument *de novo* when properly preserved below, *United States v. Crayton*, 357 F.3d 560, 568-69 (6th Cir. 2004), and we review for plain error allegations that are made for the first time to this court. *United States v. Emuegbunam*, 268 F.3d 377, 406 (6th Cir. 2001).

To demonstrate that a *Brady* violation occurred, Crider must point to the evidence in question and show that the omission was prejudicial such that the trial would have yielded a different result or that the trial would be cast "in such a different light as to undermine confidence in the verdict." *See Spirko v. Mitchell*, 368 F.3d 603, 609 (6th Cir. 2004). However, if the defense is "aware of the essential facts that would enable him to take advantage of the exculpatory evidence, the government's failure to disclose it [does] not violate *Brady*." *Id.* (quoting *United States v. Todd*, 920 F.2d 399, 405 (6th Cir. 1990)). All of Crider's *Brady* claims are without merit because in all instances of allegedly exculpatory evidence, the information sought was either given to him before the trial's end, *see Crayton*, 357 F.3d at 568-69, or it was not exculpatory. Even if Crider could point to a *Brady* violation, he cannot establish any prejudicial effect.

Crider also sought a mistrial following an unprompted statement from McGuire concerning Crider's involvement in a homicide. We review the denial of a motion for mistrial for an abuse of

discretion. *See United States v. Ursery*, 109 F.3d 1129, 1133 (6th Cir. 1997). When a witness makes an unprompted, inflammatory statement to the jury, "instructions to the jury to disregard it will ordinarily cure the error." *Id.* (citing *United States v. Wells*, 431 F.2d 432, 433 (6th Cir. 1970)). A new trial is necessary only "if the erroneously admitted evidence is of an exceptionally prejudicial character, such that its withdrawal from consideration by the jury cannot be expected to remove the harm." *United States v. Carr*, 5 F.3d 986, 992-93 (6th Cir. 1993). The statement made by McGuire was not "exceptionally prejudicial [in] character" such that the curative instructions given amounted to an abuse of discretion.

Additionally, the district court's denial of a mistrial when the prosecutor "vouched" for government witnesses did not amount to an abuse of discretion, *United States v. Chambers*, 944 F.2d 1253, 1263 (6th Cir. 1991), or render the trial fundamentally unfair, *United States v. Trujillo*, 376 F.3d 593, 608 (6th Cir. 2004), because none of the prosecutor's statements was "flagrant." *United States v. Beverly*, 369 F.3d 516, 543 (6th Cir. 2004) (citing *United States v. Francis*, 170 F.3d 546, 549 (6th Cir. 1999)). The statements made by the prosecutor relating to what "we know" or Crider's "reign" as a drug lord were not intended to mislead the jury, they were relatively isolated, the prosecutor made them unintentionally, and the evidence at trial was overwhelming. *Id.* (citing *United States v. Green*, 305 F.3d 422, 429-30 (6th Cir. 2002)). Additionally, Crider objected to the remarks, and the judge issued curative instructions. *See United States v. Galloway*, 316 F.3d 624, 633 (6th Cir. 2003).

Finally, Crider alleges that the prosecutor utilized perjury in his trial. We review these allegations *de novo*. *Trujillo*, 376 F.3d at 608. To establish that the government suborned perjury,

Crider must show: "(1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false." *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). The suspect testimony must actually be perjured, rather than contain "mere inconsistencies." *Id.* None of Crider's allegations of perjury satisfy this test. Most of the statements were mere inconsistencies, and even if he could prove that the statements were false and material, he cannot establish that the prosecution knew that the witnesses would testify falsely.

Crider's argument that the cumulative effect of these alleged errors denied him his right to a fair trial is meritless. *See Trujillo*, 376 F.3d at 614. We affirm Crider's conviction on all counts.

## D. Resentencing in Light of *Booker*

Because this case can be remanded under plain error review, we will focus on the four-part test articulated in *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005). Reversal is proper if there is error that is plain which affects the defendant's substantial rights. *Id.* at 378. If these elements are met, we can choose to exercise our jurisdiction and reverse if the error "seriously affects the fairness, integrity, or public reputation of [the] judicial proceedings." *Id.* (citing *Johnson v. United States*, 520 U.S. 461, 466 (1997)).

The district court erred when it sentenced Crider under a mandatory system of sentencing guidelines. *See United States v. Booker*, 125 S.Ct. 738, 756 (2005). These errors are now plain. *United States v. McDaniel*, 398 F.3d 540, 549 (6th Cir. 2005) (citing *Oliver*, 397 F.3d at 378). Under *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), we assume that the error affected Crider's substantial rights unless "the trial record contains clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an

advisory Guidelines range." *Id.* at 529. Because the record is not clear as to how the district court would have ruled were the Guidelines merely advisory, Crider has established prejudice. We exercise our discretion and reverse and remand this case for resentencing. We find no error in the calculation of the offense level or criminal history, but the matter is remanded for reconsideration of the sentence pursuant to *Booker*.

**AFFIRMED** in part, and **REVERSED** and **REMANDED** in part.