OPINION
MICHAEL R. BARRETT, District Judge.
Defendant Warner Crider appeals the sentence imposed on remand after we reversed the sentence originally imposed. For the reasons set forth below, we AFFIRM.
*459 I. BACKGROUND
A jury found Crider guilty of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, aiding and abetting the distribution of five grams or more of cocaine base, aiding and abetting the possession with intent to distribute and to distribute controlled substances, and felon in possession of ammunition. The government pursued a statutory sentencing enhancement under 21 U.S.C. §§ 841(b) & 851(a) because Cri-der had been previously convicted of a felony drug offense. At the original sentencing, the district court found that Cri-der was responsible for 1.5 kilograms of cocaine base, also referred to as “crack cocaine.” Under § § 841(b) and 851(a), this quantity of crack cocaine required a statutory sentence of twenty years to life on the two most serious offenses of conviction. Also, under the 2003 version of the mandatory sentencing guidelines, this drug quantity resulted in a base offense level of 38 under USSG § 2Dl.l(c)(l). The court imposed additional guideline sentencing enhancements of eight levels to reach a total adjusted offense level of 46; however, the maximum offense level permissible under the guidelines was 43. With an offense level of 43 and a criminal history category of V, Crider faced a guideline sentence of life imprisonment. The court imposed life terms on counts one and three, 60 months on count six, and 120 months on count seven, all sentences to run concurrently.
During the pendency of Crider’s direct appeal, the Supreme Court issued United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirmed Crider’s convictions, but we reversed the sentence and remanded for “reconsideration of the sentence pursuant to Booker” because we observed that “the record is not clear as to how the district court would have ruled were the Guidelines merely advisory .... ” United States v. Crider, 144 Fed.Appx. 531, 536 (6th Cir.2005) (“Crider I”). We also stated, however, that we found “no error in the calculation of the offense level or criminal history....” Id.
Between the date of our remand in August 2005 and the resentencing in October 2009, the Sentencing Commission amended the drug guideline to lower the base offense level for crack cocaine offenses by two levels. After the amendment, a drug quantity of 1.5 to 4.5 kilograms of crack cocaine corresponded to a base offense level of 36, not 38. USSG § 2Dl.l(c) (Nov.2008).
Prior to the resentencing, the parties filed new sentencing memoranda and the probation officer provided the district court with a presentence report under USSG § 1B1.10 showing that the crack-cocaine guideline amendment had no effect on Crider’s advisory guideline sentencing range. Even starting with the new base offense level of 36, Crider’s total adjusted offense level remained at 43, with a criminal history category of V, resulting in an advisory guideline sentence of life imprisonment on the most serious counts.
At the resentencing hearing, the district court had before it counsel’s sentencing memoranda and oral arguments, the two presentence reports, Crider’s pro se briefs, and Crider’s allocution. Crider argued that the court should conduct a de novo sentencing hearing and recalculate his offense level and criminal history score. He asked the court to find him responsible for a drug quantity of 100 to 200 grams, rather than 1.5 kilograms, and to apply the guideline for cocaine powder instead of crack cocaine. He also argued that a state felonious-assault conviction should not be counted in his criminal-history score because that conviction was relevant conduct to the drug offenses then before the court *460 and including that crime in the criminal-history score would be double-counting. The government opposed Crider’s requests, but asked the court to find that Crider was responsible for 4.5 kilograms of crack cocaine rather than 1.5 kilograms, as found at the original sentencing.
Noting that this Court on appeal had found no error in the calculation of the offense level or the criminal-history category, the district court rejected the parties’ invitations to revise the drug quantity attributable to Crider from the 1.5 kilograms of crack cocaine found at the original sentencing. The court also refused to change the criminal-history score to remove the points awarded for the state felonious-assault conviction. With regard to the disparity in sentencing between crack cocaine and cocaine powder, the court stated:
I recognize the court has given me the authority in terms of powder and crack, and I generally agree that disparity is bad policy. There is no basis in the reality of the difference between powder and crack. Powder is a longer high, as I understand it. The crack is a higher high, but for a shorter period, whatever. That’s for the chemists to work out.
They are both bad drugs. There’s nothing good about powder and there’s nothing good about crack.
R. 239, Sent. Tr. at 48. Noting that the guideline range was advisory, the court applied the sentencing factors set forth in 18 U.S.C. § 3558(a), and sentenced Crider to concurrent terms of life imprisonment on counts one and three, and 60 months and 120 months on counts six and seven, respectively.
Crider filed a notice of appeal shortly after the resentencing hearing. The court did not enter the Judgment and Commitment Order until June 2010. Shortly thereafter, Crider filed a second notice of appeal from the judgment, and we consolidated the two appeals.[1]
II. ANALYSIS
A. Standards of Review
We review challenges to the sentencing decisions of the lower courts under a deferential abuse-of-discretion standard for reasonableness. United States v. Bolds, 511 F.3d 568, 578 (6th Cir.2007). We first ensure that the district court did not commit a significant procedural error, such as failing to calculate (or improperly calculating) the guideline range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain the chosen sentence adequately. United States v. Penson, 526 F.3d 331, 336 (6th Cir.2008). If a sentencing judge asks the parties whether there are any objections not previously raised, in compliance with United States v. Bostic, 371 F.3d 865 (6th Cir.2004), and if a party does not object, then plain-error review applies on appeal to those procedural-reasonableness arguments that were not preserved below. United States v. Freeman, 640 F.3d 180, 186 (6th Cir.2011). In the event we find a sentence is procedurally sound, we then consider the substantive reasonableness of the sentence imposed, also under an abuse-of-discretion standard. United States v. Lalonde, 509 F.3d 750, 770 (6th Cir.2007).
*461 B. Procedural Reasonableness
Crider challenges several aspects of the resentencing in this case. Through counsel, Crider contends that the district court failed to realize our remand was a general one, that the court erred in determining drug quantity, that the court should have sentenced for powder, not crack, cocaine, and that the court should have removed the state felonious-assault conviction from the criminal-history score. Crider also argues pro se that the district court denied him due process by filing the final judgment eight months after the resentencing hearing, that the court violated his Sixth Amendment rights by having him proceed in part pro se, and that the court erred by not holding a hearing on the question of whether his state conviction could be used to enhance his sentence. We decline to apply plain-error review to any of these arguments because the district court did not ask the Bostic question at the close of the resentencing hearing. Consequently, we review for an abuse of discretion.

1. The Scope of the Remand

Whether a remand is general or limited is a legal question we review de novo. United States v. Moore, 131 F.3d 595, 598 (6th Cir.1997). “Remands for consideration in light of Booker are for the purpose of allowing the sentencing court to determine if it would have granted a different sentence, had it known at the time of sentencing that the Sentencing Guidelines were advisory, not mandatory.” United States v. Haynes, 468 F.3d 422, 425 (6th Cir.2006). Our cases discussing whether a Booker remand is general or limited “have not come to a single conclusion. Instead, they have varied based on the language used and the scope of the action taken by the district court on resentencing.” United States v. Stout, 599 F.3d 549, 555 (6th Cir.2010).
In Crider I, our Court expressly stated that “we find no error in the calculation of the offense level or criminal history, but the matter is remanded for reconsideration of the sentence pursuant to Booker.” Crider, 144 Fed.Appx. at 536. While this language may not have been “unmistakable” and may have left some room for doubt as to the scope of the remand, see United States v. Obi, 542 F.3d 148, 154 (6th Cir.2008), we conclude the district court did not err even if it considered the remand to be a limited one based on this Court’s statement that there was no error in the original calculation of the offense level or the criminal-history score. The district court recognized the advisory nature of the sentencing guidelines after Booker, applied the intervening guideline amendment reducing offense levels for crack-cocaine offenses, applied the § 3553(a) factors, and determined that a life sentence was still appropriate on the most serious convictions.
If the district court construed our remand as general in nature, there is still no error apparent on the record because the district court allowed the parties to revisit sentencing issues that were preserved earlier in the case. See United States v. Franco, 318 Fed.Appx. 411, 414 (6th Cir.2009). The court permitted both parties to argue for a different drug-quantity determination, the court heard Crider’s argument about sentencing disparity between crack and powder cocaine, and the court entertained Crider’s contention that his criminal-history score should be recalculated without the felonious-assault conviction. The court gave adequate reasons for rejecting each of these arguments. Moreover, the court was not required to consider issues that had not been raised previously. See id. When Crider raised a challenge to the § 851 enhancement, the Court responded, “You’ve had years to *462 provide evidence to this Court of any of the prior convictions not being valid,” and, “it’s in the [presentence] report and it wasn’t challenged at the time of your sentencing.” R. 239, Sent. Tr. at 14, 15.
Whether the district court viewed the remand as general or limited, we can discern no error requiring reversal. Therefore, Crider’s arguments on this point are without merit.

2. The Determination of the Drug Quantity

“[District courts may, consistent with the Sixth Amendment, find sentencing facts in applying the now-advisory sentencing guidelines.... ” United States v. Vonner, 516 F.3d 382, 384 (6th Cir.2008) (en banc). We ordinarily review a district court’s factual finding on drug quantity for clear error. United States v. Warman, 578 F.3d 320, 350 (6th Cir.2009). “A factual finding is clearly erroneous where, although there is evidence to support that finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” United States v. Ware, 282 F.3d 902, 907 (6th Cir.2002) (internal quotation marks omitted).
Crider argued that the court should set his base offense level at 18 for 100 to 200 grams of cocaine, while the government asked the court to find the drug quantity was 4.5 kilograms of crack cocaine. Because the jury found that Crider was responsible for 50 grams or more of crack cocaine, the court found that it was bound to at least that amount and would not adopt the drug quantity proffered by Cri-der. The court also determined, however, that there was insufficient evidence to support the government’s request for an increase to 4.5 kilograms. Accordingly, the court retained the drug quantity it found at the original sentencing: 1.5 kilograms of crack cocaine. The court did not clearly err in determining the amount of cocaine base attributable to Crider for the purposes of sentencing.

3. The Cocaine Base to Cocaine Powder Ratio

District courts have the discretion to reject and vary categorically from the crack-cocaine guidelines based on a policy disagreement with those guidelines. Spears v. United States, 555 U.S. 261, 264, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009). While a sentencing court may vary from the crack-cocaine-to-cocaine-powder ratio, applying the ratio does not make a sentence unreasonable under existing law. United States v. Simmons, 587 F.3d 348, 366 (6th Cir.2009); United States v. Caver, 470 F.3d 220, 249 (6th Cir.2006). Resen-tencing would be appropriate if a sentencing court believed it did not have authority to vary from the crack-to-powder ratio on policy grounds. See United States v. Johnson, 553 F.3d 990, 995-96 (6th Cir.2009).
Here, the district judge heard Crider’s extensive arguments on the issue of whether to impose sentence based on cocaine powder. The court acknowledged that it had discretion to vary from the crack-to-powder ratio, but the court exercised its discretion to base the sentence on 1.5 kilograms of cocaine base. Although the court might have given a more explicit reason for denying Crider’s request to predicate the sentence on cocaine powder, the record shows that the court properly considered Crider’s arguments and that the court did have a reasoned basis for exercising its decision-making authority. See United States v. Chiolo, 643 F.3d 177, 184 (6th Cir.2011).
A Prior Conviction and Criminal History Determination
Crider next argues that the district court erred when it assigned three crimi *463 nal-history points to the state felonious-assault conviction. At trial, the government elicited testimony about the assault to show that Crider ran the conspiracy with “violence as his trademark.” Brief of Appellee at 23. In preparing the 2004 presentence report, the probation officer noted that, because the conviction did not factor into the calculation of Crider’s offense level for the drug offenses, it was not properly characterized as “relevant conduct” and criminal-history points were assigned.
Crider relies on United States v. Walker, 210 F.3d 373, 2000 WL 353518 (6th Cir. Mar.30, 2000). In that case, however, we reiterated our previous holding in United States v. Beddow, 957 F.2d 1330, 1338 (6th Cir.1992), that the “proper inquiry is whether the prior sentence and the present offense involve conduct that is severa-ble into two distinct offenses.” Walker, 2000 WL 353518, at *2. Clearly, that is the case here. Crider’s conviction for felonious assault, while occurring during the time span alleged for the drug conspiracy, is distinct from the offenses of which he was convicted in this case. Therefore, the district court did not err in including the offense in Crider’s criminal-history calculation.

5. The § 851(c) Hearing

Crider next argues that the district court erred by failing to hold a hearing on his objection to the sentencing enhancement under 21 U.S.C. § 851(c). As we stated previously, Crider could raise on remand only those issues that he properly preserved earlier in the litigation. Crider did not object to the sentencing enhancement at his original sentencing or in the first appeal. Accordingly, the district court was not required to consider it.

6. Crider’s partial pro se status

Crider also contends pro se that his Sixth Amendment right to counsel was violated when the district court “ordered” him to proceed partly with counsel and partly pro se. The record, however, reflects otherwise.
At the hearing on a motion to withdraw filed by Crider’s previous counsel, the district court provided that Crider could have an attorney and also “raise whatever issues you want in supplement to what your attorney will raise.” R. 241, Mot. to Withdraw as Counsel Tr. at 11. The district judge clearly did not order Crider to proceed pro se. In light of Crider’s previous inability to work with four prior attorneys, the district judge allowed Crider the option to file supplemental pro se documents.
The district court appointed counsel from the Federal Public Defender’s Office to represent Crider during his resentenc-ing proceeding. That attorney filed all pertinent pleadings and motions and attended all hearings related to the resen-tencing, and Crider also made pro se arguments to the court. Crider presented no evidence to show that the district court erred in allowing Crider to assist in the briefing and arguments related to his re-sentencing.
For all of the reasons given above, we conclude that the district court’s sentence on remand was procedurally reasonable.
C. Substantive Reasonableness
“In selecting a sentence, the [district] court must consider the factors set forth in section 3553(a) and arrive at a sentence ‘sufficient, but not greater than necessary to comply with’ those factors.” United States v. Gunter, 620 F.3d 642, 647 (6th Cir.2010) (quoting 18 U.S.C. § 3553(a)). A sentence may be substantively unreasonable “where the district court ‘selects the *464 sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.’ ” United States v. Moon, 513 F.3d 527, 543 (6th Cir.2008) (quoting United States v. Collington, 461 F.3d 805, 808 (6th Cir.2006)).
We have no difficulty concluding that the sentence imposed was substantively reasonable. The applicable guideline range was life in prison. The district court applied the § 3553(a) factors and also properly recognized that the sentence should be sufficient, but not greater than necessary to carry out the purposes of sentencing. The court found that Crider’s drug conspiracy involved very serious crimes and that Crider’s level of involvement in the conspiracy and his prior criminal record were important sentencing considerations. The court further found that Crider posed a danger to the community, and that the sentence imposed would protect the community while deterring others from engaging in similar conduct. The sentence imposed was substantively reasonable.
D. Delay between the resentencing hearing and entry of judgment
Finally, Crider contends pro se that the district court deprived him of due process by not entering the Judgment and Commitment Order until approximately eight months after the resentencing hearing. The “Due Process Clause embraces some minimum expectation of a reasonably timely appeal,” but, “unless there is a period of delay that appears, on its face, to be unreasonable under the circumstances,” there is no need for further inquiry. United States v. Smith, 94 F.3d 204, 207, 209 (6th Cir.1996). While we encourage district courts to enter Judgment and Commitment Orders promptly after sentencing, the delay in this case does not spur us to engage in further review under the Due Process Clause. Moreover, Crider has not shown prejudice from the delay because he filed two notices of appeal to assure his appellate rights and we have considered all of the contentions he raised on appeal, both through counsel and pro se. See id. at 211.
III. CONCLUSION
For all of the foregoing reasons, we conclude that Crider’s arguments concerning his resentencing are without merit. Accordingly, we AFFIRM the sentence of the district court.

. Although die district court also entered an order denying Crider a sentence reduction under 18 U.S.C. § 3582(c)(2), we are not certain that Crider made a motion under § 3582(c)(2). In any event, the two pertinent notices of appeal Crider filed related to the sentence imposed at the resentencing hearing and the entry of final judgment following the resentencing.