CLAY, Circuit Judge,
dissenting.
Following remand in United States v. Crider, 144 Fed.Appx. 531 (6th Cir.2005) (“Crider I”), Defendant appeals his sentence of life imprisonment. The majority affirms, but in doing so, goes beyond the scope of our mandate in Crider I, and overlooks the district court’s failure to adequately resolve Defendant’s request for a sentencing variance. For these reasons, as fully explained below, I respectfully dissent.
A. Scope of the Remand in Crider I
The threshold issue on appeal relates to the scope of our remand order in Crider I, which reads as follows in relevant part: “We find no error in the calculation of the offense level or criminal history, but the matter is remanded for reconsideration of the sentence pursuant to Booker.” Id. at 536. The scope of our mandate presents an issue of law that we review de novo, United States v. Hunter, 646 F.3d 372, 374 (6th Cir.2011), without deference to the district court’s interpretation. See United States v. Campbell, 168 F.3d 263, 265 (6th Cir.1999) (holding that a district court is “bound to the scope of the remand issued by the court of appeals”); United States v. Moore, 131 F.3d 595, 598 (6th Cir.1997).
*465 In this case, we should find that Crider I ordered a general remand with a specific limitation — that the district court need not, and could not, reconsider its prior Guidelines calculations. The Crider I court expressly stated that it found “no error in the calculation of the offense level or criminal history.” 144 Fed.Appx. at 536. This language clearly and unambiguously expresses an intent to divest the district court of jurisdiction to revisit issues related to “calculation of the offense level or criminal history.” Id.; see United States v. Parker, 341 Fed.Appx. 122, 124 (6th Cir.2009) (finding no error in district court’s failure to reexamine Guidelines calculations on Booker remand, where the prior appellate decision affirmed the district court’s Guidelines calculations and “[njothing in our remand order compelled that reexamination”); United States v. Bandy, 59 Fed.Appx. 611, 614 (6th Cir.2003) (construing remand order as a general remand with a specific limitation). The majority opinion should not have reached the merits of the district court’s drug quantity and criminal history computations; both of those computations were upheld in Crider I and were outside of the district court’s authority on remand.
B. Procedural Reasonableness
Where, as here, the district court fails to ask the Bostic question, we review the procedural reasonableness of a sentence for an abuse of discretion. See, e.g., United States v. Chiolo, 643 F.3d 177, 180 n. 1 (6th Cir.2011). A sentence is procedurally unreasonable if the sentencing court “fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the [18 U.S.C.]§ 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.” Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); see also United States v. Bacon, 617 F.3d 452, 457 (6th Cir.2010) (“[A] sentence may be deemed procedurally unreasonable if the court fails to explain why it rejected a nonfrivolous request for a different sentence.”).
On appeal, Defendant challenges the district court’s failure to adequately resolve his request that the court reject or vary from the crack cocaine Guideline in favor of the more favorable power cocaine Guideline based on intervening decisions of the Supreme Court. See Spears v. United States, 555 U.S. 261, 265-66, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009) (per curiam) (holding that “district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those guidelines”); Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). In response to Defendant’s request, the district court recognized its authority to reject the crack cocaine Guideline, but simply stated that it believed that the crack cocaine and power cocaine Guidelines were bad policy.[2]
The district court, however, failed to make an express ruling on Defendant’s request, and to the extent a ruling may be implied from the context, the court failed to adequately explain any implied ruling. *466 The district court at sentencing seemed to possibly agree with Defendant’s policy-based arguments as to the disparity, but the conversation soon turned to other topics, and the district court, for reasons unknown, failed to return to and rule upon Defendant’s original request. Based on the record, one might fairly speculate that the district court perhaps “misconstrued, ignored, or forgot” about the request altogether. United States v. Thomas, 498 F.3d 336, 341 (6th Cir.2007). Although the district court was “not required to vary or disagree with the crack cocaine guidelines,” United States v. Smith, 350 Fed.Appx. 54, 57 (6th Cir.2009), in the absence of any indication in the record that the district court gave meaningful consideration to Defendant’s request, or was even aware that the issue apparently remained unresolved, we should remand for resentencing. See Bacon, 617 F.3d at 457; United States v. Robertson, 309 Fed.Appx. 918, 925 (6th Cir.2009).
Accordingly, for the reasons discussed herein, I would remand for resentencing.

. Specifically, the district court stated: "I recognize the court has given me the authority in terms of powder and crack, and I generally agree that disparity is bad policy. There is no basis in reality of the difference between powder and crack. Powder is a longer high, as I understand it. The crack is a higher high, but for a shorter period, whatever. That’s for the chemists to work out. They are both bad drugs. There’s nothing good about powder and there's nothing good about crack.” (Sent’g Hr’g Tr. 48:10-18, Oct. 8, 2009.)