NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0125n.06

Case No. 17-3632

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
Mar 12, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| ADAM M. GLOWKA, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | ) | |

Before: MERRITT and SUTTON, Circuit Judges; and CLELAND, District Judge[*]

**MERRITT, Circuit Judge.** Defendant Adam Glowka appeals the 11-month sentence of imprisonment the district imposed following the revocation of Glowka's reimposed period of supervised release. Glowka argues that the district court erred when it (1) unreasonably delayed holding his supervised release revocation hearing, (2) unreasonably delayed filing its judgment after the hearing, (3) entered erroneous minutes from the hearing, and (4) sentenced him to imprisonment as opposed to mental health and substance abuse treatment. For the following reasons, we **AFFIRM**.

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Glowka pleaded guilty to unlawfully possessing a machine gun and receiving and possessing an unregistered firearm. The district court sentenced him to concurrent prison terms of 48 months, to be followed by three years of supervised release.

After serving the sentence, Glowka was placed on supervised release. When he violated the conditions of supervised release by failing to report to his probation officer, unlawfully using a controlled substance, and sustaining a conviction for petty theft, the district court sentenced him to time served between August 25, 2015, and September 20, 2016, a period of 390 days. The court placed Glowka back on supervised release for three years less the 390 days of pre-revocation imprisonment. The court also ordered him to enroll in a mental health and substance abuse counseling program within 72 hours of release and to report to the probation office weekly. We affirmed the district court's decision to revoke Glowka's supervised release, finding that Glowka admitted to the alleged violations and that the sentence was both procedurally and substantively reasonable. *United States v. Glowka*, No. 16-4702 (6th Cir. Sept. 25, 2017).

Glowka met with his probation officer on September 20, 2016. She instructed him to report to the probation office on September 28, and every Wednesday thereafter. Glowka failed to report on September 28 or any other day that week. On October 1, 2016, he was arrested and charged with theft of a motor vehicle, fleeing and eluding police officers, and receiving stolen property in two cases filed in the Preble County Court of Common Pleas. The probation office petitioned the district court for an arrest warrant, which the court issued. The petition set forth allegations that Glowka violated the terms of his supervised release and directed him to show cause as to why his reimposed period of supervised release should not be revoked. Violation 1 alleged that Glowka violated the special condition of his supervised release by failing to report to his probation officer. Violations 2 and 3 each alleged that Glowka violated the mandatory condition of his supervised release requiring him to not commit another federal, state, or local crime, and cited his pending cases in Preble County.

Glowka requested through counsel that the district court defer his federal proceedings concerning the reimposition of his supervised release until after his state charges had been resolved at his trial set for February 2017. On October 19, 2016, the court granted this request.

Glowka was released on bond from state custody on January 11, 2017, and the United States Marshals arrested him two days later and placed him in federal custody in Butler County Jail.

In 2017, the district court held multiple telephone conferences with Glowka's attorney, the government's attorney, and a representative from the probation department to remain informed about the progress of Glowka's state proceedings. On February 21, Glowka's federal-court attorney, James Fleisher, informed the court that the state trial had been continued until April of that year. Fleisher did not oppose the court's recommendation that they wait to dispose of the supervised-release violation until after the Preble County action was resolved. However, on February 23 and April 6, Glowka filed pro se motions requesting a hearing in regards to his alleged violations of supervised release.

On April 27, Fleisher informed the court that the state trial had again been continued. The district-court judge and Fleisher discussed the issue with Glowka taking the witness stand in a supervised-release hearing in federal court and possibly implicating himself in his state proceedings. Fleisher told the judge that despite this concern, Glowka wanted a hearing and expressed a willingness to stipulate to the admissibility of certain documents from his state proceedings. However, before moving forward, Fleisher wanted to discuss the issue with Glowka's state-court attorney, Brian Muenchenbach. On May 4, Fleisher told the court that he had not been able to reach Muenchenbach, but that once he was able to contact Muenchenbach and consult with Glowka, he would either file a request for a hearing or withdraw Glowka's pro se request. The judge approved this plan and said, "[i]f he wants a hearing, by golly, we'll get everybody on the phone and we'll give him one."

On May 10, Fleisher filed a motion for a hearing and explained that Muenchenbach advised him that there was not a state trial date yet. The judge entered a notation order sustaining the motion the next day. The judge confirmed the hearing in a May 15 conference call. Two days later, the judge scheduled the show-cause hearing as to why Glowka's supervised release should not be revoked to take place on June 6. On June 5, the judge held another conference call. Fleisher stated that Glowka wanted to deny the supervised-release violations related to the state offenses, but to stipulate to the police reports and offer no additional evidence. Fleisher confirmed that Glowka understood that this would allow the judge to find him in violation of his supervised release.

On June 6, the district court held a hearing on the petitions alleging that Glowka violated three conditions of his federal supervised release. Glowka admitted to violation 1, failing to report to his probation officer, and was found in violation of his reimposed period of supervised release. As to violations 2 and 3 alleging that Glowka committed crimes while out on release, Glowka denied them, but stipulated that if called to testify, the Preble County Sheriff Officer who wrote the police report would testify consistently with the contents of the report. Neither Glowka nor the government offered any additional evidence. The court found Glowka in violation of his reimposed period of supervised release as to these allegations as well.

At the hearing, the district court stated that Glowka had "a world of potential" because he was highly intelligent, but that he made poor decisions. The court acknowledged that Glowka had a substance abuse problem and likely had mental health issues too. However, it was still unable to account for the self-destructive decisions that Glowka made. The court determined that the advisory guideline range for sentencing was 7 to 13 months based on Glowka's criminal history of V, and because the relevant violations were a Grade C. It stated that it had considered all of the § 3553(a) factors, and specifically mentioned the nature of the violations, Glowka's criminal history, the need for rehabilitation and deterrence, the public's interest in safety and fair punishment, and the need to avoid unreasonable differences in sentences. The court decided to revoke Glowka's reimposed period of supervised release and remanded him to custody for a period of two years minus 390 days, a period of approximately 11 months, on each of the two counts of conviction, violations 2 and 3, to run concurrently with each other but consecutively to any state sentences. The court imposed no further period of supervised release. When the court asked defense counsel and the government if there were any procedural or substantive objections to the sentence, both counsel replied that they had no objections. \

The court filed a "court only" order on June 9, but sent copies of it to the counsel of record, the probation officer, and the United States Marshal. The order summarized the hearing finding Glowka in violation of his supervised release and outlined his sentence. It ordered that the Marshals Service keep Glowka within a county jail facility in the Southern District of Ohio so that he would be able to answer any pending indictments in the Preble County Court of Common Pleas without undo delay. On June 12, the minutes from the hearing were entered on the docket, and erroneously stated that the hearing was held on June 12 instead of June 6.

On June 13, Glowka appealed the judgment. We docketed his appeal on June 14. On June 30, Glowka filed a pro se motion requesting that the court file its judgment and commitment entry formalizing his sentence imposed on June 6 and pointing out that the docket mistakenly stated that it took place on June 12. On July 3, Glowka filed another pro se motion to correct the court's docket entry. A transcript of the June 6 proceedings was filed on August 3. The district court issued an order on August 8 that contained materially the same information as its June 9 order, but was not marked "court only" and was worded differently. It sent copies to the counsel of record.

On August 23, an operations support specialist from the United States Marshal Service responded to a letter from Glowka. The specialist confirmed that Glowka was in primary federal custody and that the Preble County authorities only had him out on writ to resolve their state cases. She also verified that because Glowka was a federal inmate, his federal sentence commenced on the day of his sentencing because the state had not yet sentenced him. In November, the state court imposed a sentence of 21 months of imprisonment for the state law violations.

## II. ANALYSIS

We review sentences imposed following revocation of supervised release under the same deferential abuse-of-discretion standard that applies to post-conviction sentences. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). "The [district] court abuses its discretion if it imposes a sentence that is procedurally or substantively unreasonable." *United States v. Massey*, 663 F.3d 852, 856 (6th Cir. 2011). We first ensure that the district court committed no procedural error such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Johnson*, 640 F.3d 195, 201–02 (6th Cir. 2011) (quoting *Gall v. United States,* 552 U.S. 38, 51 (2007)). If the decision is procedurally sound, we review for substantive reasonableness and consider the sentence imposed in light of "the totality of the circumstances." *Gall*, 552 U.S. at 51. For sentences within the guidelines range, we apply a rebuttable presumption of reasonableness. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

On appeal, Glowka asserts that the district court violated his due process rights by imposing a procedurally and substantively unreasonable sentence on him for his violations of his reimposed term of supervised release. Specifically, he argues that the court erred when it (1) unreasonably delayed holding his supervised release revocation hearing, (2) unreasonably delayed filing its judgment after the hearing, (3) submitted erroneous minutes from the hearing, and (4) sentenced him to imprisonment as opposed to mental health and substance abuse treatment. Glowka supports his arguments only with his own assertions and references to the pro se motions he filed in the past. We address each argument in turn.

First, Glowka argues that the district court erred when it unreasonably delayed holding his revocation hearing. Under *Moody v. Daggett*, 429 U.S. 78, 87 (1976), the "loss of liberty" for Glowka's supervised-release violation did not occur until he was taken into federal custody on January 13, 2017. Only then did he have the right to an appearance before the district court "without unnecessary delay," 18 U.S.C. § 3606, followed by a hearing to determine whether he "ha[d] in fact breached the conditions" of his supervised release. *Morrissey v. Brewer*, 408 U.S. 471, 483–84 (1972). His supervised release revocation hearing was not held until June 6, 2017. The five-month delay that arose was due to concerns that Glowka would implicate himself in his state cases by proceeding with his federal hearing. Glowka initially requested that his federal hearing be deferred until his state proceedings had concluded at his trial in February. However, in February, the court discovered that the trial had been continued for April. Fleisher did not oppose the district court's recommendation to continue waiting for the state proceedings to conclude before conducting the federal hearing. Despite this, in February and April, Glowka filed motions requesting a hearing. In April, Fleisher told the court that Glowka wanted a hearing but that he wished to first contact Glowka's state-court attorney, Muenchenbach, to determine how to best proceed to protect Glowka's interests. On May 10, Fleisher filed a motion for a revocation hearing and the hearing was held on June 6.

Although Glowka was arrested in January and his revocation hearing was not held until June, the delay was not unreasonable given the concerns about Glowka's potential to implicate himself in his state proceedings and the continuance of his state trial. After Fleisher consulted with Muenchenbach and determined a course of action, the district court resolved the revocation proceedings within one month. *See Morrissey*, 408 U.S. at 488 ("A lapse of two months"

between the defendant's arrest and his revocation hearing does "not appear . . . unreasonable."). Further, Glowka fails to explain why any delay rose to the level of violating his constitutional rights to due process. He does not allege that the delay hampered his ability to defend against the allegations of a supervised-release violation. Glowka admitted to violating the terms of his release by not reporting to his parole officer. He also stipulated that the police officer who wrote the report would testify consistently with the report in regards to his state charges, despite knowing that this would cause the district judge to find him guilty of those violations. No prejudice resulted. *See United States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996) ("We agree with that court's holding that the defendant's due process concerns about delay come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation. Here, defendant suffered no prejudice.").

Second, Glowka contends that the district court erred when it failed to file its written decision and entry until August 8, 2017, approximately two months after his revocation hearing and sentencing. Glowka asserts that this failure to timely issue a formal sentencing order delayed the Bureau of Prisons' designation of a federal institution and its ability to start the clock running on his federal sentence. Because of this, he claims he will have to fight an "administrative battle" over how his state and federal time is to be properly calculated.

To meet the minimum standards of due process, a court revoking supervised release must provide "a written statement by the factfinder[] as to the evidence relied on and reasons for revoking" it. *Morrissey*, 408 U.S. at 489. Here, the district court filed a written revocation judgment on June 9, 2017, and another on August 8, 2017. Each judgment recited Glowka's alleged violations, the evidence establishing those violations, and the imposed sentence. It is not clear why there are two judgments that are materially the same, and the parties do not address the June 9 order in their briefs. While the June 9 order was labeled "court only" on the docket, both of the orders were to be distributed to counsel. Nevertheless, it is clear that we treated the June 9 order as the final appealable order because Glowka successfully appealed on June 13 and we docketed the appeal the next day. In all, Glowka has not shown prejudice from the delay because he filed a timely notice of appeal to assure his appellate rights and we have considered all of the contentions he raised on appeal. *See United States v. Crider*, 468 F. App'x 457, 464 (6th Cir. 2012) (holding that the district court did not deprive defendant of due process by

entering the judgment and commitment order approximately 8 months after the resentencing hearing).

Even if the August 8 order was the only judgment in the record, our analysis would not differ. While we encourage district courts to enter judgment and commitment orders promptly after sentencing, the alleged two-month delay in this case does not spur us to engage in further review under the Due Process Clause. *Cf. United States v. Smith*, 94 F.3d 204, 207, 209 (6th Cir. 1996) ("[T]he Due Process Clause embraces some minimum expectation of a reasonably timely appeal," but, "unless there is a period of delay that appears, on its face, to be unreasonable under the circumstances," there is no need for further inquiry.). Further, we have previously held that the transcript of a revocation proceeding, such as the one in this case that was filed on August 3, 2017, constitutes the functional equivalent of a written statement and satisfies due process. *United States v. Gilbert*, 990 F.2d 916, 917 (6th Cir. 1993).

In no way did this delay cause Glowka to be imprisoned longer than his 11-month sentence contemplated. The Bureau of Prisons determines credit for time served and where an inmate will be incarcerated. *United States v. Gibbs*, 626 F.3d 344, 349 (6th Cir. 2010). The "term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Glowka received a letter in August 2017 confirming that he was serving his federal sentence, and he was not sentenced in state court until November 2017. Therefore, it is unclear how an "administrative battle" would result.

Third, Glowka argues that the district court erred when it entered erroneous minutes stating that the revocation hearing took place on June 12, 2017, instead of on June 6, 2017, and when it failed to specify which of his supervised release violations constituted the basis for his sentence. At the hearing on June 6, the court explicitly considered the § 3553(a) factors and decided to revoke the supervised release and remand Glowka to custody for a period of two years minus 390 days, or approximately 11 months, on each of the two counts of conviction, counts 2 and 3. The relevant minute entry that Glowka refers to was entered on June 12 and erroneously states that the hearing was held on June 12. The entry recites the imposed 11-month concurrent sentences for counts 2 and 3. The district court's orders on June 9 and August 8 reiterate this.

Clearly, the court specified that counts 2 and 3 constituted the basis for Glowka's sentence, although Glowka also admitted to count 1. Further, the minute entry misstating that the hearing was held on June 12 was a clerical error. Rule 36 of the Federal Rules of the Criminal Procedure permits a district court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." However, this Rule does not allow the court "to effectuate its unexpressed intentions at the time of sentencing." *United States v. Robinson*, 368 F.3d 653, 656–57 (6th Cir. 2004) (quoting *United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995)). Here, it is apparent that the hearing occurred on June 6 and the June 12 reference was a harmless clerical error.

Finally, Glowka argues that the district court improperly sentenced him to imprisonment notwithstanding his requests for both substance abuse and mental health treatment. He claims that just because his prior treatment was not effective, that is nonetheless not a justification for resorting to a "default of imprisonment" to punish him for his supervised release violations. Glowka asserts that, in fact, "a sentence of imprisonment would appear to be the most unreasonable option of all."

The district court did not err by failing to explicitly discuss at the hearing its discretion to consider substance abuse and mental health treatment in lieu of incarceration, pursuant to 18 U.S.C. § 3583(d). *See United States v. Metcalf*, 292 F. App'x 447, 450 (6th Cir. 2008). At the hearing, the court acknowledged that Glowka had substance abuse and mental health issues, and in fact had recommended treatment for him after Glowka violated his first term of supervised release. However, even taking into account these issues, the court stated that it was still "unable to account for the self-destructive decisions" that Glowka made. It went on to state that these were "[m]istakes, frankly, that defy any logical explanation without attributing some of it to mental health issues." The record is sufficient to permit the conclusion that the court considered and rejected substance abuse and mental health treatment as an alternative to incarceration. "[W]e do not require magic words in the record of the sentencing hearing indicating that substance abuse treatment was considered in order to uphold the district court's prison sentence." *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000).

## III. CONCLUSION

In sum, we conclude that Glowka's arguments are without merit and his sentence is procedurally and substantively reasonable.  Accordingly, we **AFFIRM**.